## Commonwealth of Pennsylvania to use of Mary F. Chapman *v.* Annie C. Rodgers et al., Appellants.

*Partition—Distribution of proceeds—Lien creditors of heir—Trustee's responsibility.*

Where the orphans' court in distribution of the proceeds of the sale of land by a trustee in partition proceedings, awards to an heir only what would remain of her share of the fund after payment of the record liens against her interest the trustee having given bond to appropriate the proceeds of such real estate according to the trust and decree of the court, the trustee cannot ignore a lien creditor of the heir and settle with the latter who has no authority to release the trustee from his duty to pay such creditor under the decree of the court.

*Partition—Judicial sale—Divestiture of liens.*

Where proceedings in partition result in a judicial sale of the land, the lien which had been created by one of the tenants is divested from the land but continues on the money raised by the sale.

*Partition—Sale by trustee—Duty of trustee to take searches before distribution.*

A trustee who sold real estate under a decree in partition, and settled with one of the heirs without taking out searches for liens of record, is liable to a mortgagee whose mortgage was discharged by the sale.

Argued Oct. 13, 1897. Appeal, No. 97, Oct. T., 1897, by defendants, from judgment of C. P. No. 4, Phila. Co., March T., 1897, No. 1030, for want of a sufficient affidavit of defense. Before Rice, P. J., Wickham, Beaver, Orlady, Smith and Porter, JJ. Affirmed.

Assumpsit upon the trustee's bond to recover for mortgage given by one of the heirs on the undivided interest in the estate of her father, the defendant being the administratrix of the

trustee and the sureties on the bond in proceeding in partition in the estate of Francis Rodgers, deceased.

Other facts appear in the opinion of the court.

The rule for judgment for want of a sufficient affidavit of defense was made absolute in an opinion by ARNOLD, P. J., reported in 6 Dist. Rep. 453.

Judgment for plaintiff for $509.10. Defendants appealed.

*Error assigned* was making absolute the rule for judgment for want of a sufficient affidavit of defense.

*Edward A. Anderson*, with him *John H. Fow*, for appellants. —Upon a distribution of a fund in partition, a confirmation of the audit is conclusive upon a judgment creditor of one of the heirs who failed to present his claim: Sutton's Est., 4 Kulp, 297; Kennedy v. Borie, 166 Pa. 360.

It is the well-settled doctrine in this state that where the land is divided the lien of the judgment against the heirs attaches to their respective purparts: Diermond v. Robinson, 2 Yeates, 324, and that the purpose of partition is division and not conversion: Wright v. Vickers, 81 Pa. 122, and that upon a sale in partition the proceeds pass to a person entitled thereto as real estate: Wentz's App., 126 Pa. 541; Stoner's Est., 8 York, 27; and so it has been decided in a sister state, that an agreement between heirs that one buy at a partition sale for a certain price is legitimate and binding: Ventress v. Brown, 34 La. Ann. 448; 17 Am. & Eng. Ency. of Law, 793.

*Charles A. Chase*, for appellee.—Where a proceeding in partition results in a judicial sale of the land, the lien which had been created by one of the tenants is divested from the land, but continues on the money raised by the sale: Reed v. Fidelity Ins. Co., 113 Pa. 574; Wright v. Vickers, 81 Pa. 122; Steel's Appeal, 86 Pa. 222; Stewart v. Bank, 101 Pa. 342.

When the lien of a mortgage is divested by a judicial sale it is not revived by a reacquisition of the title by the mortgagor: Rauch v. Dech, 116 Pa. 157.

The orphans' court, therefore, had full authority to make the decree that it did. This case is similar to the case of Reed v. Ins. Co., 113 Pa. 574, and for these reasons and for those given by the president judge of the court below this judgment should be affirmed.

OPINION BY RICE, P. J., January 18, 1898:

Real estate was sold by a trustee in partition proceedings to three of five heirs, one of the three having previously mortgaged her interest to the present plaintiff. The sale was confirmed upon the trustee giving bond with sureties conditioned "faithfully to execute the trust and properly to appropriate the proceeds of such real estate according to the trust and decree of the court, and according to law." On the adjudication of the account of the trustee the share of the heir who had given the mortgage was ascertained to be $3,057.70, which sum was awarded to her subject to the liens of record against her interest. In defense to this action brought by the mortgagee on the trustee's bond it was alleged, that, pursuant to an agreement made between the trustee and this heir before the sale, he settled with her, receiving from her on account of her bid only so much money as was necessary to pay her share of the costs and the amount due the other heirs, and she, in turn, discharging him from payment of the sum awarded to her in the adjudication of his account. In an opinion filed, to which little can be added, the court below held that the affidavit was insufficient to prevent judgment, and in that conclusion we concur. If the heir were suing for her share this might be a good defense, but we fail to see how the rights of her lien creditor can be prejudiced by an agreement to which he was not a party and of which he had no notice. No secret agreement between the heir and the trustee could compel him to resort to the land for the collection of his debt if under the decree he was entitled to take it out of the fund. The general rule is, that where a proceeding in partition results in a judicial sale of the land, the lien which had been created by one of the tenants is divested from the land, but continues on the money raised by the sale: Wright v. Vickers, Adm'r, 81 Pa. 122; Reed v. Fidelity Ins. Co., 113 Pa. 574. In making distribution the orphans' court recognized and applied this general rule, and awarded to the heir only what would remain of her share of the fund after payment of the record liens against her interest. By the decree, fairly construed, these were continued against, and were first payable out of the fund into which her interest in the land had been converted, and she had no authority to release the trustee from his duty to pay them.

But it is argued that a decree of distribution directing the trustee to pay to an heir his share of the proceeds of sale in partition proceedings after deducting therefrom the record liens against his interest, without ascertaining and specifying what the liens are, their amount, and to whom payable, is not such a decree as is contemplated by the Act of March 27, 1832, sec. 49, P. L. 206. It is argued with much force, that that form of decree casts on the trustee a responsibility from which he is entitled to be relieved; that it compels him, not only to ascertain what the liens are, but to take the risk of deciding all disputes between the heir and the creditor; whereas, if the creditors were required to come before the auditor or the auditing judge and prove their claims (as undoubtedly they may) a final adjudication could be made which would protect everybody. Let it be granted that the court might have pursued this course, still the trustee is not in a position to complain because it did not do so. The plaintiffs' lien was on record. Its validity and amount are not questioned. The trustee might have procured searches to be made and thus furnished the court the means to make a specific distribution. It is not alleged that he did so, and, presumably he did not. And, even if he did, the place to complain was in the orphans' court; but he neither excepted to the adjudication nor appealed. Nothing remained for him to do but to appropriate the money in accordance with it. If the lien creditor had been ignored in the distribution and the whole sum awarded unconditionally to the heir (as was done in Sutton's Estate (4 Kulp, 297), a different question would be presented. Having acquiesced in the decree which clearly recognized the rights of the lien creditor the trustee could not ignore him, and settle with the heir and then claim to be discharged from further liability.

Judgment affirmed.