## WOODWORTH v. BLAIR & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Submitted October 17, 1884.—Decided October 27, 1884.

In a suit in equity to foreclose a mortgage from a railroad corporation of its whole railroad, franchise, lands and property, which have since been put in the possession of a receiver, an intervening prior mortgagee of part of the lands is not entitled to have the amount of his mortgage paid out of the funds in the hands of the receiver, or out of the proceeds of a sale made pursuant to the decree of foreclosure, subject to his mortgage.

This was an appeal, by a prior mortgagee of a tract of land occupied by the Chicago and Pacific Railroad Company, from decrees in a suit in equity to foreclose two mortgages of its whole railroad. The material facts appearing by the record were as follows:

On October 1st, 1872, and on November 6th, 1874, the corporation made to a trustee, to secure the payment of its bonds, two mortgages of all its railroad, right of way, franchise, road bed, stations and station houses, depot grounds, and other property, already or thereafter owned, possessed or acquired through or by reason of the construction of its railroad. After breach of the conditions of those mortgages, the bondholders filed bills in equity for the appointment of a receiver and for the foreclosure of the mortgages, which were by order of court consolidated as one suit.

Pending that suit, and after a receiver had been appointed and had taken possession, the appellant filed an intervening petition, alleging that on February 1st, 1872, at the request of the corporation and for its benefit, she sold and conveyed to Thomas S. Dobbins, its president, a tract of land in Chicago, in consideration of a certain sum in money, and of ten promissory notes made by Dobbins, payable in ten successive years, and secured by a mortgage from him of the land, which was duly recorded on September 5th, 1872; that the corporation entered upon the land and laid tracks upon it, and continued to use and occupy it until the appointment of the receiver, and the receiver

since continued to use it for the benefit of the railroad, and neglected to pay the notes and interest; and praying that the amount thereof might be paid out of any funds in the hands of the receiver, or out of the proceeds of sale under any decree to be rendered in the case. This petition was referred to a master, who reported that the amount due to the appellant was $59,910.10.

The court declined to order the payment of the appellant's claim, and dismissed her petition, without prejudice; and in the principal suit entered a decree for the foreclosure by sale of the whole railroad, including the road bed, stations and station houses, depot grounds and other property, without prejudice to her mortgage.

From that decree the appellant prayed an appeal to this court, and offered a bond in order to make the appeal a supersedeas. The court allowed the appeal and approved the bond, and ordered that the appeal should not operate as a supersedeas or delay of the sale, but only delay the distribution of so much of the proceeds of the sale as was necessary to fully secure the amount due on her mortgage.

The master afterwards reported that a sale had been made, in accordance with the decree of foreclosure, for the sum of $916,100; and the court overruled exceptions taken by the appellant to the master's report, and confirmed the sale. The corporation afterwards paid into court the amount of the bid, interest and commissions, as required by the decree and by the statute of Illinois; and the court found that the corporation had done what was needful to effect a redemption, and reserved for further consideration the time and terms on which a delivery of the property to the corporation should be directed.

*Mr. Henry Crawford* for appellant.—It is undoubtedly true that when the debt secured by a senior lien is not due, and that creditor is not before the court, a junior encumbrancer may foreclose the equity of redemption as against his own lien, and leave the holder of the first encumbrance to enforce his rights. But no case can be cited where a court of equity authorized a junior mortgagee to restrict a foreclosure proceeding to the enforce-

ment of his own lien, when a receiver had taken possession of the whole property, and a senior mortgagee with a debt matured was party to the suit. A court of equity having the parties before it and the custody and possession of the property, should adjudicate and determine the amount and order of preference of all liens, irrespective of their relation of priority to the encumbrance of the original complainants, leaving the question of payment to be determined by the amount of the sale proceeds. Considering the peculiar nature of railway property, the proper method to enforce the lien would be by sale of the whole line, considered as one property, incapable of severance. The land purchased of the appellants lost its separate charac ter and became a necessary portion of the whole line, incapable of being dislocated or sold. Consequently the purchase lien is enforceable only against the whole railway as a unit. *Muller* v. *Dows*, 94 U. S. 444, 449; *Neilson* v. *Iowa Eastern Railway Company*, 44 Iowa, 71; *Brooks* v. *Railway Company*, 101 U. S. 443; *Meyer* v. *Hornby*, 101 U. S. 728; *Dayton, Xenia & Belpre Railroad Company* v. *Lewton*, 20 Ohio St. 401. The appellant's superior equity is clear as against the bondholders under the general mortgage. It is prior in time and stronger in right. The general mortgage attaches itself only to such interest in the property as the mortgagor acquires, and if that property is already subject to mortgages and liens it does not displace them. *United States* v. *New Orleans Railroad*, 12 Wall. 362; *Ketchum* v. *St. Louis*, 101 U. S. 306. The bondholders having ratified the original transaction with appellant, cannot now be heard to dispute either the amount or priority of the debt or its lien on the whole trust property. Bigelow on Estoppel, 511; *Pfeiffer* v. *Sheboygan & Fond Du Lac Railroad Company*, 18 Wis. 155; *Farmers' Loan & Trust Company* v. *Fisher*, 17 Wis. 114, 117; *Dayton, Xenia & Belpre Railroad Company* v. *Lewton*, 20 Ohio St. 401; *Western Pennsylvania Railroad Company* v. *Johnston*, 59 Penn. St. 290; *Miltenberger* v. *Logansport Railroad Company*, 106 U. S. 286, 308. The court holds by its receiver for the benefit of whomsoever in the end it shall be found to concern, *Fosdick* v. *Schall*, 99 U. S. 235, 251; and has cognizance in a suit for foreclosure of

a railway, of all questions relating to priority of lien on the property in litigation. *United States* v. *New Orleans Railroad*, 12 Wall. 362. See also *Codwise* v. *Gelston*, 10 Johns. 507, 521; *Wiswall* v. *Sampson*, 14 How. 52.

*Mr. E. Walker* for appellees.

MR. JUSTICE GRAY delivered the opinion of the court. He recited the facts in the foregoing language, and continued:

Assuming, as the appellant contends, that her conveyance to Dobbins, and the mortgage back by him, should be considered in equity as if made to and by the railroad corporation, no ground is shown for reversing the decree below.

The appellant's mortgage covered only the tract of land specifically described therein, and did not affect the title of the corporation in other lands and in so much of its road as was not laid over the land mortgaged to her. The case differs in this respect from the cases cited by her counsel, in which a mechanic's lien given by statute for work done on part of a railroad was held to extend to the whole road. *Brooks* v. *Railway Company*, 101 U. S. 443; *Meyer* v. *Hornby*, 101 U. S. 728.

As a general rule, a prior mortgagee is not a necessary party to a bill to foreclose a junior mortgage, where the decree sought is only for a foreclosure of the equity of redemption from the prior mortgage, and not of the entire property or estate. *Jerome* v. *McCarter*, 94 U. S. 734. In a suit to foreclose a mortgage of the whole railroad, franchise and property of a railroad corporation, it would often produce great delay and embarrassment to undertake to determine the validity and extent of all prior liens and encumbrances on specific parts of the corporate property before entering a final decree.

The course pursued by the Circuit Court in the present case, dismissing the intervening petition of the appellant, without prejudice, and ordering a foreclosure by sale, subject to her mortgage, of the entire railroad and other property included in the railroad mortgages, to foreclose which the principal suit

Statement of Facts.

had been brought, judiciously and effectively secured the rights of all parties.

The price obtained by the sale of the railroad and other property, subject to her mortgage, must have been less than if they had been sold free of that mortgage; and to order the amount of that mortgage to be paid out of the proceeds of the sale would *pro tanto* benefit the purchaser if the sale was carried out, or the railroad corporation in case of redemption, to the corresponding detriment of the holders of bonds secured by the railroad mortgages.

The railroad corporation, after having redeemed its property from the railroad mortgages, will hold it subject to any valid lien of the appellant, just as it did before the proceedings for foreclosure were instituted.

*Decree affirmed.*