# Reed et al, *versus* The Fidelity Insurance Trust and Safe Deposit Company.

1. The right of tenants in common to make partition, and enjoy all its incidents, is paramount to the right of the lien creditor against any one of the tenants. If necessary to effect the legitimate purpose of partition, the lien must be shifted to the part allotted to the debtor, or if none be allotted to him the lien against the land becomes divested.

2. Where land held by tenants in common, is by proceedings in partition in the Common Pleas allotted to one of the co-tenants, charged with owelty, the lien of a mortgage given by one of the co-tenants to whom owelty was decreed, on his undivided interest in the land is divested from said land and becomes a lien on the owelty, payable to the co-tenant who was the mortgagor.

January 20th, 1886.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

ERROR to the Court of Common Pleas No. 4, of *Philadelphia county:*   Of January Term 1885, No. 315.

This was an action of assumpsit brought by Augustus Reed and Jane Elizabeth his wife, in right of said wife, John G. Apgar and Matilda his wife, in right of said wife, Howard W. Blackwell and P. P. Dunn, guardian of Mary A. Blackwell, against The Fidelity Insurance Trust and Safe Deposit Company, trustees for William Egner, Louisa Janney, Mary Ann Murden, Eliza H. Cattell and Emma C. Egner, to recover the amount of a mortgage held as trustee for the plaintiff, paid to another not entitled to it.

The cause was argued and determined upon a demurrer to the plea of the defendant to the plaintiffs' declaration. The plaintiffs declared: That on the first day of March, 1876, Charles H. Egner was seised in fee of and in one undivided one seventh interest, in common with Harold Godwin, who was seised of one other equal undivided one seventh part, and The Fidelity Insurance, Trust and Safe Deposit Company, who held five other undivided one seventh parts in trust for William Egner, Louisa Janney, Mary Ann Murden, Eliza H. Cattell and Emma C. Egner of in and to certain real estate.

That said Charles H. Egner, being so seised, did execute and deliver an indenture of mortgage of his said one seventh undivided interest in said two lots and messuages before described, dated the tenth day of April, 1876, and duly recorded the same to secure the sum of $800, with interest in one year from the date thereof, to Annie C. Blackwell, guardian of Jane Elizabeth, Matilda K., Howard W., and Mary A. Blackwell, minor children of Wilson Blackwell, deceased.

That afterwards, to wit: on November 2d, 1876, a bill in

equity was filed in Court of Common Pleas, No. 1, of September term, 1876, No. 627, by said Charles H. Egner, against his said co-tenants, praying for a partition of said real estate. That afterwards, to wit: January 25th, 1877, a decree was made in said case by which the said premises before described were allotted to said The Fidelity Insurance, Trust and Safe Deposit Company, in trust for William Egner, Louisa Janney, Mary Ann Murden, Eliza H. Cattell and Emma C. Egner, and that upon said premises there should be charged the sum of $9,592.04 for owelty in partition, of which the sum of $4,796.02 should be due and payable to Charles Egner, the plaintiff, for his share and interest in said premises, and the residue thereof to Harold Godwin, a party to said proceedings. That by virtue of said proceedings, the said lien and mortgage of $800 aforesaid was shifted and attached to said share or purpart of said Charles H. Egner, and due by said Fidelity Insurance, Trust and Safe Deposit Company, trustees, to him out of said lands so to them allotted.

That said Annie C. Blackwell has since, to wit, in the year 1881, died, and said mortgage and bond, and all rights thereto and thereunder have become vested in Jane Elizabeth, wife of Augustus Reed; Matilda, wife of John G. Apgar; Howard W. Blackwell, and in Mary A. Blackwell, a minor, of whom P. P. Dunn has been appointed guardian.

That though said mortgage has become due and payable, said defendants, though often requested so to do, have not paid the same nor any part thereof to said plaintiffs.

In answer to this declaration the defendant filed the following plea:

The defendants say that the said plaintiffs ought not to have or maintain their action against the said defendants because they say that in proceedings for the partition of the estate of Charles Egner, deceased, on a bill in equity filed in the Court of Common Pleas, No. 1, of Philadelphia county, by Charles Egner, plaintiff, against Emma C. Egner, guardian of the person and estate of Harold Godwin, a minor, and The Fidelity Insurance, Trust and Safe Deposit Company, substituted trustees under the will of Charles Egner, deceased, for William Egner, Louisa Janney, Mary Ann Murden, Eliza H. Cattell, and Emma C. Egner, defendants, it was so proceeded, that on the 25th of January, 1877, it was by said court decreed that the land and premises described in plaintiff's *narr* mentioned and described were adjudged, decreed and allotted to remain firm and stable unto The Fidelity Insurance, Trust and Safe Deposit Company and their successors, in trust for William Egner, Louisa Janney, Mary Ann Murden, Eliza H. Cattell, and Emma C. Egner and their children respectively in equal

parts and shares upon the trusts declared by the will of Charles Egner, deceased, in respect of their shares of his estate, charged *inter alia*, with the sum of $4,796.02 for owelty in partition due and payable to Charles Egner for his shares and interest in said premises, and by said decree the said trustees were authorized to raise from the sale of personal securities of said trust estate sufficient money to pay off said charges, and upon payment of the same to the said Charles Egner for owelty of partition, it was ordered that the said Charles Egner should execute a full release of said premises of and from said charge for owelty of partition and of all estate, right, title, and interest therein. That in pursuance of said decree the said defendant did afterwards pay to the said Charles Egner the full amount of said charge and took from him a release thereof and conveyance of all his estate, right, title, and interest in said premises to them as trustees under the will of Charles Egner, deceased, for William Egner, Louisa Janney, Mary Ann Murden, Eliza H. Cattell, and Emma C. Egner, dated January 29th, 1877.

That Eliza M. Cattell, one of the *cestui que trustent*, died on or about January 5th, 1878, leaving children her surviving, by reason whereof, under the terms of the will of said Charles Egner, deceased, the trust in her share terminated, and the estate in one undivided fifth part of said premises vested in fee in her said children.

Without this that the said lien and mortgage of $800 alleged to have been given by one Charles H. Egner ever became due by said The Fidelity Insurance, Trust and Safe Deposit Company, trustees as aforesaid, in manner and form as in said *narr* alleged.

Defendants further pleaded non assumpsit.

To this plea the plaintiffs demurred.

The court upon argument entered judgment on this demurrer for the defendants, whereupon the plaintiff took this writ, assigning for error the entering of said judgment.

*H. G. Harris*, for plaintiffs in error.—Plaintiffs in error have their lien on C. H. Egner's estate; it is now in the form of owelty; preserved as such for our benefit. We have sought it in Egner's hands, but he conveyed it to defendants; we now demand that they answer our claim, and they present Egner's receipt. This is insufficient: See Lucas's Appeal, 53 Pa. St., 404.

That the liens against shares of co-tenants in real estate are by proceedings in partition, discharged from the *corpus* of the estate inherited or devised, and attach to the individual shares, is well settled. See Bavington *v.* Clark, 2 Pa. Rep., 115;

Wright v. Vickers' Administrators, 31 P. F. S., 124; Com. v. Pool, 6 W., 33; Stewart v. Allegheny Bank, 5 Out., 343.

It is well established that where proceedings in partition result in the sale of the property to be divided, the parties, the Court, or the sheriff are bound, in apportioning or distributing the fund to regard the lien creditors of the co-tenants : Diermond v. Robinson, 2 Yeates, 329.

*J. Cooke Longstreth*, for defendant in error.—1. The necessary effect of the decree in partition, of January 25th, 1877, was under the third section of the Act of March 14th, 1857, B. P., 595, par. 32, to vest in the allottees, the estate of Charles Egner, the elder, in the lands, subject matter of the partition, bound only by incumbrances paramount to or suffered by him. An estate granted or incumbrances suffered, by his grandson on an undivided interest, could not affect the title of his other children.   And this doctrine that a decree awarding the premises to one of the heirs, at the appraisement, divests the title of the other heirs, and of all claiming under them, is settled by Merklein v. Trapnell, 34 Pa. St., 42.

2. The vice of plaintiffs in error's argument lies in not distinguishing between distribution of a fund produced by the sale of real estate, in the hands of an officer of the law, and the relation of tenant in common to the judgment or mortgage creditors of one of their number.

3. The defendants were not, as respects the plaintiffs, officers of the law.   As owners in severalty they were bound to pay owelty to Charles Egner.   His creditors had no claims on them.   When they had paid the fund to him it was in his hands substituted for his undivided interest in the land.   His fraud in not paying the mortgage on his undivided interest in the land out of the fund, is not their fraud, for they never owed any duty to his creditors.

Mr. Justice TRUNKEY delivered the opinion of the Court, October 4th, 1886.

Charles H. Egner being the owner of the undivided one seventh part of certain real estate, mortgaged the same to the plaintiffs.   Afterwards he filed a bill in equity against his co-tenants for partition, in which proceeding, on January 25th, 1877, a decree was made allotting the whole of the real estate to the defendant, charged with owelty, of which charge the sum of $4,796.02 became payable to said Egner for his interest, "and by said decree the said trustees were authorized to raise from the sale of personal securities sufficient money to pay off said charges, and upon payment of the same to the said Charles Egner for owelty of partition, it was ordered that the

3 AMERMAN—37

said Charles Egner should execute a full release of said premises of and from said charge for owelty of partition and of all estate, right, title, and interest therein." In pursuance of said decree the defendant afterwards paid to Egner the whole of the charge, and Egner gave a release and conveyance of all his interest in the premises.

The right of tenants in common to make partition, and enjoy all its incidents, is paramount to the right of the lien-creditor against any one of the tenants. If necessary to effect the legitimate purpose of the partition, the lien must be shifted to the part allotted to the debtor, or if none be allotted to him, the lien against the land becomes divested. If the whole or a part of the land be allotted to the debtor and charged with owelty, the owelty is a prior lien to the lien he had given for his undivided interest: McCandless' Appeal, 98 Pa. St., 489. Where a proceeding for partition results in a judicial sale of the land, the lien which had been created by one of the tenants is divested from the land, but continues on the money raised by the sale; "money raised incidentally by process of partition is land in another form, and attended with inheritable qualities:" Wright *v.* Vickers' Administrator, 81 Id., 124.

Section 49 of the Act of March 29th, 1832, provides that in partition in the Orphans' Court, where the share of an heir shall be converted into money, either by owelty due him, or by virtue of a sale, before confirmation of the partition, or sale, the Court may appoint an Auditor to ascertain whether there are any liens or other incumbrances on such real estate, and if liens appear, the Court may order the amount of money which is payable to the party against whom the lien exists, to be paid into Court to be distributed among creditors or others entitled. That Act applied in Lucas' Appeal, 53 Pa. St., 404. There, the sale was by administrators, under an order of Court, and they neglected to move for the appointment of an Auditor to ascertain liens. They were compelled to pay the money to judgment-creditors according to priority. It was said that they were simply officers of the Court to make sale and receive the proceeds, with no power to pay part of the fund to whom it did not belong. The share of the tenant belonged to his judgment-creditors, and neither he nor the administrators could divert it from them.

This case is in the common pleas, and not within the Act of 1832. The money does not arise from sale. The Court decreed that it should be paid to Charles Egner. Owelty is somewhat in the nature of purchase money for land, and the party who pays it, the purchaser. The paramount rights of tenants in common may compel conversion, and the mortgage

becomes a lien on the proceeds of sale; or on the owelty, if no sale. While it is true that the tenants in common derive title from Charles Egner, each knew that his co-tenants could create liens on their respective interests. When one acquired title to all the land, he acquired the titles that had been vested in his co-tenants. The decree determined the value of the respective shares, and the sum to be paid for owelty; and it deprives the mortgagee of all remedy on his mortgage, if the lien on the money is discharged. Without a similar statute to the Act of 1832, Courts of equity are not prone to despoil persons who have had no opportunity to be heard, nor will such effect be given to their decrees, unless in obedience to plain rules of law.

The mortgagee was not a party; notice was not given to him of the proceeding for partition. He was resting on his recorded security, and no person could acquire the title of Charles H. Egner without notice of that security. It is the duty of a tenant who takes the land divested of a lien against his co-tenant, either to make application to pay the money into Court because of the lien, or pay the lien itself. He holds the money subject to the lien. It is not a good answer to the lien-creditor to say, "I paid the money to your debtor, on a decree in a suit where he and I were parties, without notice to you, and without advising the Court of your lien."

It is alleged that the partition was at the instance of Charles Egner, that the mortgage was by Charles H. Egner, and therefore, the record of the mortgage is not notice to purchasers. But it is not alleged that in fact Charles H. Egner was the plaintiff in the partition. His name appears in the plea, as printed, the person to whom the money was owing for his interest in the premises. A search for liens against Charles H. Egner, devisee of Charles Egner deceased, was all that was necessary. The omission of a letter from his name, by mistake, or design, in the partition proceeding, did not change his name, as devisee or heir, in the line of title.

> Judgment reversed, and now judgment for the plaintiff for thirteen hundred and four $\frac{50}{100}$ dollars.