# Boutwell *v.* Steiner.

## *Bill to Foreclose Mortgage on Lands.*

1. *Parties to bill for foreclosure.*—The mortgagor is not a necessary party to a bill for foreclosure, filed against a purchaser, or assignee, to whom he has sold and conveyed his entire interest in the lands, which is only an equity of redemption.

2. *Limitation of bill to foreclose, as in favor of purchaser from mortgagor.*—When a mortgage has been duly recorded, a purchaser from the mortgagor is charged with notice of it; and a bill to foreclose the mortgage is not barred, as in his favor, until after the lapse of ten years from the commencement of his possession as purchaser.

3. *Conclusiveness of chancery decree.*—A mortgagee of the husband, not having been made a party to a bill filed by the wife to establish a resulting trust in the lands, he is not concluded or in any manner prejudiced by a decree therein rendered in her favor.

4. *Purchase by mortgagee at his own sale; when and by whom avoided.* When a mortgagee purchases personal property, at his own sale under a power in the mortgage, and the mortgagor never seeks to avoid the sale, a subsequent purchaser from him can not object to it, under a bill to foreclose the mortgage on land filed nine years afterwards.

5. *Costs and expenses of foreclosure, under stipulation in mortgage.* A stipulation in a mortgage, binding the mortgagor to pay the costs of recording the mortgage, and all the costs and expenses attending the enforced collection of the mortgage debt, is binding on an assignee or purchaser from the mortgagor, and may be enforced under bill to foreclose, on statement of the account.


APPEAL from Butler Chancery Court.

Heard before Hon. THOS. W. COLEMAN.

The bill was filed by appellee, and mortgagee, Steiner against Burt Boutwell and wife, to foreclose mortgage on ·lands. The mortgage was executed by John F. Hinson, January 9, 1873, and was duly recorded. In June, 1873, Elizabeth Hinson filed her bill against her husband, John F. Hinson, setting up that the land (mortgaged to Steiner) was purchased with her money; and in October, 1873, according to the prayer of her bill, the chancellor decreed that the title to said land be divested out of John F. Hinson and vest in

[Boutwell v. Steiner.]

her, Elizabeth. Steiner was not made a party to this bill. Elizabeth Hinson and her husband took possession, lived on the land, and in January, 1877, they conveyed the property to Burt Boutwell and wife, F. M. Boutwell. All other facts sufficiently appear in the opinion.

GAMBLE & RICHARDSON, for appellant.—John F. Hinson should have been made party defendant.—Jones on Chat. Mort. § 783; 35 Ind. 467; 10 Iowa, 459; 15 Iowa, 470; 81 Ala. 494; 2 Jones on Mort. § 1394 et seq. Complainant was not entitled to relief.—Jones on Chat. Mort. §§ 711, 806; 72 Ala. 361; 39 Ala. 204. On the motion to dismiss appeal, cited 81 Ala. 98; Ib. 100; 51 Ala. 559.

R. E. STEINER, contra.—Error can not be assigned on decree of August, 1886.—Cochran v. Miller, 74 Ala. 50–63. Hinson was not a necessary party.—5 Ala. 158. The objection to sale of personal property was too late.

SOMERVILLE, J.—1. The mortgagor, Hinson, having unconditionally sold and conveyed to the appellant Boutwell his entire interest in the land, being a mere equity of redemption, he was not a necessary party to the present suit, the purpose of which is to foreclose the mortgage lien. His assignee only need be made a party defendant.—Batre v. Auze, 5 Ala. 173; Wilkinson v. May, 69 Ala. 33; Barbour on Parties, 463; Story's Eq. Pl. § 197.

2. The mortgage having been recorded in the proper county before Boutwell purchased the land, he was charged with a knowledge of the lien created by it. His possession under the purchase could not mature into a good title, under the operation of the statute of limitations, short of ten years. Smith v. Gillam, 80 Ala. 296; Slate v. Conner, 69 Ala. 212. This period of time did not elapse between the possession taken under the sale and the filing of the present bill.

3. The appellee never having been made a party to the bill filed by Mrs. Hinson against her husband, by which she set up a resulting trust in the mortgaged lands, is in no manner prejudiced by the decree rendered in that case. Owen v. Bankhead, 76 Ala. 143.

The demurrer to the original bill, raising these points, was properly overruled, even admitting the appellant's right to assign errors on the decree rendered August 30th, 1886. That decree, we are inclined to think, however, is final, and

[Stoutz v. Rouse.]

the present appeal not having been taken until September 24th, 1887, more than a year from that date, and being confined by the condition of the appeal bond to the decree rendered July 7th, 1887, on exceptions taken to the register's report, the appellant could not assign errors on the first decree, and the motion to strike out these assignments could properly be sustained. But we can well rest this opinion on the ground that the first decree is entirely free from error.

4. Nor do we discover any error in the last decree, confirming the register's report. The amount allowed by the register for the mules sold under the mortgage was the price bid for them at the sale. It is true, they were purchased by the mortgagee at his own sale, but nine years had since elapsed up to the present suit, and no objection had been interposed by the mortgagor showing his disapproval of the purchase and asking to disaffirm the sale. His only mode of doing this was by filing a bill and proposing to do equity by paying the mortgage debt.—*Ezzell v. Watson*, 83 Ala. 120; *Garland v. Watson*, 74 Ala. 323. The appellant certainly can not exercise this option for him.

5. The mortgagor had bound himself to pay all costs of recording the mortgage, and the costs and expenses attending the enforcement of the collection of the mortgage debt. This stipulation was as much binding on his assignee, the the appellant, as the mortgage debtor himself, and fastened a lien on the land for these reasonable expenses. We do not see that the several amounts allowed by the chancellor, under this head, are at all unreasonable, and his decree must be affirmed.