# Hamilton *v.* Clancey.

### Bill to Foreclose Equitable Mortgage.

(Decided May 11, 1916.   72 South. 15.)

**Chattel Mortgage; Foreclosure; Necessary Parties.**—The original debtor or mortgagor is not a necessary party to a bill to foreclose an equitable chattel mortgage where he has parted with all title to the mortgaged property, and no deficiency judgment is sought against his assignee.

[Hamilton v. Clancey.]

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill to foreclose an equitable mortgage by John M. Clancy against Henry C. Hamilton and another. Decree for plaintiff, and defendant Hamilton appeals. Affirmed.

The bill in this case was originally filed by John M. Clancy against the appellant, Henry C. Hamilton, and one Alan Chester. The bill was subsequently amended by alleging that said Chester was a non-resident of the state, and by striking him as a party respondent. Respondent Hamilton then interposed a demurrer to the bill upon the ground that said Chester was a necessary party respondent. From the decree overruling this demurrer, he prosecutes this appeal.

The bill alleges that Alan Chester executed a note to Henry C. Hamilton on August 7, 1914, due September 7, 1914, in the sum of $125, and that complainant is the holder of said note for value; the same having been transferred to him by Hamilton for the consideration of $125, the indorsement of the transfer being "without recourse on Henry C. Hamilton." On the margin of the note was written the following: "Secured by Ames Automobile No. 45—1062." It is further averred that after the transfer of said note to complainant the automobile referred to was sold by Alan Chester to Henry C. Hamilton; that it is now in the possession of, and is the property of, said Hamilton, subject, however, to the right, title, or interest of the complainant therein. The bill then seeks a foreclosure of said equitable mortgage by a sale of the automobile under decree of the court, the proceeds to be applied, first, to cost of the suit, and, second, to the payment of whatever sum may be ascertained to be due complainant, and the balance, if any, to be paid to Henry C. Hamilton.

GORDON & EDINGTON, for appellant. JESSE F. HOGAN, for appellee.

GARDNER, J.—The above statement of the case discloses that the complainant in the court below sought a foreclosure of an equitable mortgage on the personal property, to-wit, the automobile, under a decree of the chancery court, so as to subject a sufficiency of the proceeds of the sale to the payment of the debt for the security of which it was given. The maker of the note, who may also be referred to the mortgagor, is shown to be a

non-resident of the state. No decrree is sought against him. The bill shows that he has, by an absolute sale of the property, parted with all his interest therein. He is therefore without any interest in the mortgaged property. Nor is relief sought against the respondent himself. The case is ruled by that of *Boutwell v. Steiner*, 84 Ala. 307, 4 South. 184, 5 Am. St. Rep. 375, the first headnote of which reads as follows: "The mortgagor is not a necessary party to a bill for a foreclosure, filed against a purchaser, or assignee, to whom he has sold and conveyed his entire interest in the lands, which is only an equity of redemption."

See, also, to the same effect, *Batre v. Auze's Heirs*, 5 Ala. 173; *Gravlee v. Lamkin*, 120 Ala. 210, 24 South. 756; *Kirk v. Sheets*, 90 Ala. 504, 7 South. 736; *Cooper v. Johnson* (C. C.) 157 Fed. 104.

No deficiency decree is here sought, but the complainant seeks only to have the mortgaged property condemned to the satisfaction of the debt. The mortgagor, having parted with all his right, title, and interest in the said property, is therefore not an indispensable party respondent to the bill.

We do not find that the cases of *Prout v. Hodge*, 57 Ala. 27, and *Harwell v. Lehman Durr Co.*, 72 Ala. 344, relied on by counsel for appellant, at all militate against the conclusion we have here reached.

The decree of the chancery court was in accordance with the views herein expressed, and it is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.