## Tucker, *et al: v.* Pilcher.

### Bill to Foreclose Mortgage.

(Decided April 19, 1917.  75 South. 171.)

1. **Chattel Mortgages; Foreclosure of Equitable Mortgage.**—A bill seeking the foreclosure of an equitable mortgage on personal property, so as to subject the proceeds of a sale of such property to the debt for the security of which the mortgage was given, was properly filed.

2. **Chattel Mortgages; Parties Defendant; Foreclosure of Equitable Mortgage.**—Where a bill seeking the foreclosure of an equitable mortgage on personal property also seeks a personal decree against the mortgagor in event of the insufficiency of the proceeds of the sale of the property to sustain the mortgage indebtedness, the mortgagor was a proper party to the suit.

APPEAL from Houston Chancery Court.

ard before Hon. O. S. LEWIS.

Bill by G. W. Pilcher against T. M. Tucker, individually, and others. From the decree, the named defendant appeals. Affirmed.

Bill by G. W. Pilcher against T. M. Tucker, individually, the Atlantic Compress Company, a corporation, and Young & Hughes, a partnership, seeking foreclosure of a mortgage executed by Tucker to complainant, and a sale of certain cotton to satisfy his lien.

The bill shows the execution of the mortgage on December 24, 1914, and that it was given complainant to secure payment for 3,080 pounds of middling cotton, covering all crops of cotton grown by T. M. Tucker or under his direction during the year 1915, on land owned or controlled by him in Houston county, Ala. It was further shown that Tucker raised a crop of cotton in 1915 on lands owned or controlled by him on and before the date of the execution of the said mortgage, and that he gathered a portion of the cotton storing it in a warehouse in Dothan until sold; that he sold six bales of the cotton to Young & Hughes, who placed it in possession of the Atlantic Compress Company, and who now own it subject to complainant's rights under said mortgage; that complainant made demand on Young & Hughes and the Atlantic Compress Company for the surrender of the said cotton prior to filing this bill, which demand was refused by each of the respondents; that as the mortgage was executed on December 24, 1914, which was prior to the time of planting the crop in 1915, complainant did not have the legal title, and therefore could not maintain an action of detinue, and a resort to a court of equity was necessary in order to reach and have the cotton sold. The bill then seeks a foreclosure of the mortgage by a sale of the cotton upon the order of the court, and a reference to ascertain the amount due; and if the proceeds of the sale are not sufficient to satisfy the mortgage indebtedness, the bill prays for a personal decree to be rendered in favor of complainant against the respondent Tucker for the deficiency. The mortgage is made an exhibit to the bill, and appears to have been filed for record in the probate office October 2, 1915.

Respondent Tucker demurred to the bill for a want of equity as to him, and upon the further ground that this respondent had no interest in the cotton, and is therefore improperly joined as a party respondent. The demurrer was overruled.

[Tucker, et al. v. Pilcher.]

Subsequently decrees pro confesso were duly entered against each of the respondents, including Tucker. Testimony for the complainant was taken, establishing the averments of the bill. The cause was then submitted to the chancellor, as authorized by statute (Acts 1915, p. 606), and final decree rendered granting the relief prayed and ordering a reference to ascertain the amount due on the mortgage. From this decree respondent Tucker prosecutes this appeal, assigning errors.

HILL & THIGPEN for appellant. T. M. ESPY and B. F. REID for appellee.

GARDNER, J.— (1) The foregoing statement discloses that the complainant in the court below sought a foreclosure of an equitable mortgage on certain personal property—six bales of cotton—under the decree of the chancery court, so as to subject a sufficiency of the proceeds of this sale to the payment of the indebtedness for the security of which the mortgage was given. That for such purpose the bill is properly filed we think quite clear.—*Hamilton v. Clancy*, 196 Ala. 194, 72 South. 15; *Humes v. Scott*, 130 Ala. 281, 30 South. 788.

(2) The bill also seeks a personal decree against respondent Tucker, the mortgagor, in the event of the insufficiency of the proceeds of the sale of the cotton to satisfy the mortgage indebtedness. The mortgagor was therefore a property party to the suit.—*Lyon v. Powell*, 78 Ala. 351; 2 Jones on Mort. (4th Ed.) § 1402; 7 Cyc. 98; *Cooper v. Johnson* (C. C.), 157 Fed. 104, cited in *Hamilton v. Clancy, supra.*

The above are the only two questions presented by the assignments of demurrer interposed by respondent Tucker, who alone assigns error here, and there is clearly nothing in this record of which respondent can complain. The decree is therefore affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.