(88 South. 597)

**LYONS et al. v. JACOWAY.   (7 Div. 124.)**

(Supreme Court of Alabama.   April 7, 1921.)

**1. Trusts ☞136—A deed to one as trustee with certificate by him held to create a naked trust, passing the legal title to the beneficiaries.**

A deed to S., trustee, with habendum, "To have and to hold to the said S., trustee, his heirs and assigns forever," together with a certificate executed by him, that he held the land under the deed as trustee, and that it was purchased and owned by certain persons, in certain proportions, created a naked trust in him for the benefit of the persons named, so that the legal title passed to them.

**2. Partition ☞77(1)—Equity can sell for division among joint owners or tenants in common when partition is impossible.**

Under Code 1907, §§ 5203, 5231, equity has jurisdiction to sell land for division among its joint owners or tenants in common when it cannot be equitably partitioned.

Appeal from Circuit Court, De Kalb County; W. W. Harralson, Judge.

Bill by W. V. Jacoway against R. F. Lyons and others for the sale of real estate for division among the joint owners thereof. From a decree granting the relief prayed for, respondents appeal.   Affirmed.

The bill alleges the purchase of the Stuart lands by a number of people in a deed to George S. Smith as trustee, conveying the lands and a certificate by him showing the interest of each of the beneficiaries. Bill further alleges the acquiring by Smith of the interest of one Bardy and Wylie. The bill alleges that Smith is dead, and that his heir and beneficiary under the will conveyed to R. F. and J. M. Lyons the lands in suit and executed to them a deed, and later the said Lyons executed a mortgage to Cunningham on the entire tract of land to secure an indebtedness of $1,500, and that complainant afterwards purchased this mortgage and is now the owner of it.

There were unknown children and heirs at law of Zera Smith owning an undivided interest and also the unknown children and heirs of Ball, who owned an undivided interest. The bill sets out specifically the interest of each, with the allegation that the land is incapable of division in part, and that it is to the interest of all concerned that the land be sold.   Proper affidavits were made and proper publication effected as to the unknown heirs of the two parties mentioned above and also as to the nonresident respondent.  The court ordered reference to register to ascertain the facts and the interest of all parties concerned, not only to the land itself, but as to the income, rents, and profits which accrued to the respondents Lyons by virtue of their having held the land for a number of years.

Hunt & Wolfes, of Ft. Payne, for appellants.

Before the appellee can proceed in equity for the enforcement of equitable rights, he must move the trustee to act or show some sufficient reason for a failure.  60 Ala. 495, 31 Am. Rep. 46; 112 Ala. 594, 20 South. 854; 130 Ala. 584, 30 South. 568.  The evidence fails to show such title in the appellee or respondents as to warrant a decree of the character here sought.  72 Ala. 190; 6 Lawson, R. & R. 4455.  Various deeds, through which Jacoway claims, are made by heirs or unknown beneficiaries, without showing that the original beneficiaries were dead or could not be located, some of whom were not named in the certificate of the trustee.  200 Ala. 511, 76 South. 453; 80 South. 404; 189 Ala. 256, 66 South. 474; 134 Ala. 618, 33 South. 8; 192 Ala. 322, 68 South. 880.

Isbell & Scott, of Ft. Payne, for appellee.

The deed to Smith, coupled with the certificate, created a naked trust, and the legal title passed to the beneficiary.  186 Ala. 567, 64 South. 960; 148 Ala. 211, 42 South. 563; 121 Am. St. Rep. 63; sections 3804–3415, Code 1907.  They were therefore tenants in common and joint owners.  Authorities supra, and section 5222, Code 1907.  Equity may decree a sale, whether the title be legal or equitable.  128 Ala. 179, 30 South. 792; section 5232, Code 1907.

MILLER, J.  The bill of complaint in this cause was filed by W. V. Jacoway against R. F. Lyons and J. M. Lyons and others to sell for division certain land therein described, of the parties to this cause, as joint owners or tenants in common, on the ground that it cannot be equitably divided or partitioned among them.

On the 7th day of April, 1893, Thomas G. Stewart and wife conveyed by deed to George S. Smith, trustee, for $3,300, the land described in the bill of complaint.  The habendum clause reads: "To have and to hold to the said George S. Smith, trustee, his heirs and assigns forever."  The bill averred, and the proof showed, that George S. Smith, as trustee for use and benefit of himself and others, held said land and owned it on basis of $30,000 for the entire tract.  And on the 1st day of June, 1893, said George S. Smith,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

trustee, certified in writing, executed by him as trustee, that he held the land under the deed as trustee, and it was purchased and is owned on basis of $30,000 for the entire tract by the following named persons: George S. Smith, $10,000; Thomas G. Stewart, $10,000; N. R. Bardy, $1,000; J. G. McLaren, $2,450; Mrs. H. D. Benton, $200; Miss Ada Hubbard, $200; Mrs. J. P. Morris, $1,000; Lucy Whitney, $200; Zera Smith, $500; Geneva Pollard, $100; A. K. Hawks, $700; F. A. Ball, $200; Lewis Haigis, $200; Mrs. J. A. Wilder, $3,250.

The testimony shows that these parties, the beneficiaries, owned this land as joint owners or tenants in common in proportion to their interest as shown by the above valuation of the part of each.

[1] This deed, with the certificate of ownership of the land made by the trustee, created a naked trust in said George S. Smith for the benefit of the owners named in the certificate. The legal title to the land passed to the beneficiaries by the deed and certificate of ownership. Linton v. Farmer, 148 Ala. 211, 42 South. 563, 121 Am. St. Rep. 63; section 3408 of Code of 1907; Huntington v. Spear, 131 Ala. 414, 30 South. 787.

Some of the beneficiaries sold and conveyed their interest in the land to the complainant, and some sold and conveyed theirs to R. F. Lyons and J. M. Lyons, before this suit was commended. The complainant owns 6075/30000; R. F. Lyons and J. M. Lyons own 21375/30000; Zera Smith's heirs own 750/30000; F. A. Ball's heirs own 300/30000; and Mrs. J. P. Morris owns 1500/30000 interest in the land. R. F. Lyons and J. M. Lyons mortgaged their interest in the land to J. Cunningham to secure $1,500 debt.

The evidence is clear that the parties to this cause own the land as joint owners or tenants in common, and that it cannot be fairly and equitably divided among them without a sale thereof.

[2] A court of equity has jurisdiction to divide or partition land or to sell land for division among the joint owners or tenants in common when it cannot be equitably partitioned. Sections 5231 and 5203 of the Code of 1907; Shepard v. Mt. Vernon Lbr. Co., 192 Ala. 322, 68 South. 880; Fitts v. Craddock, 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53; Stein v. McGrath, 128 Ala. 175, 30 South. 792.

The bill of complaint as amended contained equity, and the court properly overruled the demurrer thereto. The decree of sale for division was correctly rendered by the court, and it properly ordered that the J. Cunningham mortgage was a lien and incumbrance on the share or interest of R. F. Lyons and J. M. Lyons.

As to the unknown heirs at law and next of kin, the record shows the necessary requirements of the law substantially complied with to make them parties. Section 3106, Code of 1907; Chancery Rule 19, page 1533 of Code of 1907; Gill v. More, 200 Ala. 511, 76 South. 453.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.