(94 South. 338)

## WOOD et al. v. BARNETT. (6 Div. 501.)

(Supreme Court of Alabama. Oct. 26, 1922.)

**1. Partition ⬅⬊24—Is a matter of right.**

Under Code 1907, § 5231, as amended by Acts Sp. Sess. 1909, p. 124, giving the chancery court original jurisdiction to divide or partition or sell for partition property held by joint owners or tenants in common, partition may be had as a matter of right on the application of one or more of the joint owners or tenants in common.

**2. Partition ⬅⬊77(1)—Necessity for sale determined only on coming in of proof.**

The necessity of a sale of land for division will be determined only on coming in of the proof as to whether or not it can be equitably partitioned among the joint owners without a sale.

**3. Partition ⬅⬊111(3)—Under statute, mortgage on undivided interest attaches to mortgagor's share in proceeds of sale.**

Under the amendment of Code 1907, § 5232, by Acts Sp. Sess. 1920, p. 164, giving the court, in proceedings for partition or sale for division, power to apportion incumbrances and adjust the equities between claimants and in-

cumbrances, the lien of a recorded mortgage on an undivided interest in lands attaches to the proceeds of the sale in proportion to the interest of the mortgagor in the land sold; the statute being intended to change the previous rule that under Code 1907, § 5215, the lien of such mortgage was not displaced by the sale.

**4. Partition ⬥77(1)—Sale for division, if necessary, is matter of right.**

If the lands owned jointly or in common cannot be equitably divided without a sale thereof, a sale for division among the owners is a matter of right, regardless of the inconvenience to, or objection of, one or more of the owners.

**5. Partition ⬥77(4) — Pleading ⬥8(3) — General averment of necessity of sale is sufficient.**

In a bill for sale of land for division, a general averment of necessity for sale for division is sufficient as an allegation of fact, and is not a conclusion of the pleader.

**6. Partition ⬥114(4)—Counsel's services in obtaining necessary sale for division may be allowed.**

Where it was alleged that the lands could not be equitably divided without a sale, the services of counsel for complainant in prosecuting the suit to that end did not render the bill demurrable, and the court may, at its discretion, allow a reasonable attorney's fee therefor, to be taxed as a common charge on all the interests and payable out of the proceeds, under Code 1907, §§ 3010, 5219.

**7. Equity ⬥132—Blank in bill held supplied by context.**

In a bill for partition, which alleged "that your —— is the owner of an undivided three-fourths interest in the real estate," the blank was obviously merely a typographical omission of the word "orator," which word was supplied by the context in other allegations of the bill and of the prayer which showed that the orator owned a three-fourths interest.

**8. Equity ⬥143—Averments sufficient if they show right of complainant to relief and inform defendant of nature of case.**

The averments of a bill are sufficiently certain when they enable the court to see clearly that complainant has a right which warrants its interference and informs the defendant distinctly of the nature of the case he is called upon to defend.

**9. Parties ⬥84(1)—Absence of necessary party may be challenged by demurrer, plea, or answer.**

The absence of a necessary party defendant to a bill may be presented by appropriate demurrer, plea, or answer, or may be noticed by the court ex mero motu.

**10. Mortgages ⬥427(1)—Mortgagor is necessary party to action for debt or to possess security.**

Under a mortgagee's right of procedure for collection of its debt or for the possession or subjection of his security, the parties to the mortgage are necessary parties to a bill having the primary effect of foreclosure by the mortgagee on ascertainment of the mortgage debt.

**11. Mortgages ⬥390—Remedies of mortgagee stated.**

A mortgagee has three modes of procedure, suit of debt upon the bond, action for the possession of the property, and, in a proper case, of the rents and profits thereof, or foreclosure of the equity of redemption and sale of the property for the satisfaction of his' debt, and for a deficiency decree for that part of the debt not discharged by the sale.

**12. Mortgages ⬥427(1)—Mortgagor is necessary party to foreclosure only if personal decree is sought.**

Where the mortgagor has previously assigned all of his rights in property to another, he is a necessary party to a bill to foreclose the mortgage only if a personal decree is sought against him in the event of the insufficiency of the proceeds of the sale to satisfy the debt.

**13. Partition ⬥32—Mortgagee of undivided interest may sell for division as incident to foreclosure.**

The holder of a mortgage on an undivided interest in land may maintain a bill to foreclose his mortgage, and, as an incident thereto, may sell for division among the cotenants, in which case the parties in interest must be before the court.

**14. Partition ⬥46(1)—Mortgagor who assigned equity in undivided interest to complainant is not necessary party.**

Where a joint owner had mortgaged his undivided interest in the premises and thereafter assigned his equity in such interest to complainant, he was not a necessary party to the bill by complainant to sell the land for division, to which the mortgagee was made a party, and in which complainant acknowledged that the mortgage was a lien upon his interest in the proceeds of the sale.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Samuel T. Barnett against Sterling A. Wood and others for sale of land for division. From a decree overruling demurrer, respondents appeal. Affirmed.

Basil A. Wood, of Birmingham, for appellants.

In a bill for partition, the respective interests of the parties must be alleged. 196 Ala. 151, 71 South. 996; 204 Ala. 31, 85 South. 431. The bill must allege the facts showing wherein the lands cannot be equitably divided without a sale thereof. 201 Ala. 373, 78 South. 229; 201 Ala. 692, 79 South. 264; 205 Ala. 189, 87 South. 803. Attorney's fees are only allowable in suit for partition where, upon proper allegation, prayer, and proof, a partition is sought in kind of real or personal property between tenants in common. Code 1907, § 3010; 89 South. 520.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Rudulph & Smith, of Birmingham, for appellee.

A sale for division among joint owners is a matter of right, regardless of the inconvenience to or objection of one of such joint owners, where the averment is made that the lands cannot be equitably divided without a sale thereof. 90 Ala. 164, 8 South. 715, 24 Am. St. Rep. 778; 98 Ala. 363, 11 South. 743, 39 Am. St. Rep. 67; 139 Ala. 319, 35 South. 998; 128 Ala. 175, 30 South. 792; 205 Ala. 189, 87 South. 803; 206 Ala. 93, 89 South. 196; 207 Ala. 57, 91 South. 886.

THOMAS, J. The bill was for the sale of lands for division among joint owners. The executors of deceased mortgagee holding security on one of the joint interests in the land are made respondents; the mortgagor, having assigned its equity or interest in the land to complainant, is not made a party to the suit.

The bill averred the residence of the parties; that complainant, Samuel T. Barnett and respondent, Sterling A. Wood, were joint owners or tenants in common of the real estate described. The respective interests of the parties being set out, it is averred that complainant's interest was subject to a mortgage to Mrs. Christina S. Webb, executed by Henderson Barnett Land Company (before complainant's purchase of his interest in the lands); that the mortgagee is dead and her executors are made parties respondent.

It is averred as a fact that the lands cannot be equitably divided between complainant and respondent without a sale to effectuate that purpose. The prayer was that the lands be sold for division; that the court ascertain and decree a reasonable attorney's fee, etc.; determine the amount that is owing by reason of the indebtedness secured by the mortgage on complainant's interest, in the land, and that amount be paid out of complainant's interest in the proceeds of the sale of his interest in the land.

The demurrer takes the point that the complainant is not entitled to the relief asked for; that the averment that the lands could not be equitably partitioned without a sale thereof is insufficient; that the mortgage by Henderson Barnett Land Company, a corporation, to Christina S. Webb, "depreciates the value of the said property, and renders the bill without any equity until the same has been paid and settled"; and that there was a nonjoinder of a necessary party.

[1] The jurisdiction of the court is based upon section 5231 of the Code of 1907, as amended by the act approved August 25, 1909 (Acts Sp. Sess. p. 124):

"The chancery court shall have original jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common; whether the defendant denies the title of complainant or sets up adverse possession or not; and the court in exercising its jurisdiction shall proceed according to its own practices."

See Trucks v. Sessions, 189 Ala. 149, 66 South. 79.

[2, 3] Under the statute so construed, partition may be had, as a matter of right, on the application of one or more of the joint owners or tenants in common. Betts v. Ward, 196 Ala. 248, 72 South. 110; Parker v. Robertson, 205 Ala. 434, 88 South. 418; Lyons v. Jacoway, 205 Ala. 479, 88 South. 597; Roy v. Abraham (Ala. Sup.) 92 South. 792.[1] The necessity of a sale for division will be determined only on coming in of the proof as to whether or not the same cannot be equitably partitioned among the joint owners without a sale. Alexander v. Livingston, 206 Ala. 186, 89 South. 520; Shepard v. Mt. Vernon Lbr. Co., 192 Ala. 322, 68 South. 880, 15 A. L. R. 23; Sandlin v. Sherrill, 201 Ala. 692, 79 South. 264. By the act of 1920 (Sp. Sess. p. 164) Code, § 5232 was amended so as to give the court additional powers in partition or sale for division, as follows:

"* * * If any of the lands, whereof partition is sought and to apportion incumbrances, if partition be made of land incumbered and it be deemed proper to do so; and the court may adjust the equities between and determine all claims of the several cotenants, or claimants as well as the equities and claims of the incumbrances."

This amendment was intended, no doubt, to meet a declaration contained in Espalla v. Touart, 96 Ala. 137, 11 South. 219, that the lien of a recorded mortgage on a moiety of undivided interest in lands is not displaced by a sale of the lands for distribution under the statute (Code 1886, § 3247), Code 1907, § 5215, between joint owners or tenants in common, the "statute not providing that such lien shall be a charge only upon the mortgagor's share or interest in the proceeds." Hillens v. Brinsfield, 108 Ala. 605, 18 South. 604. This was in line with the old cases and texts. Baring v. Nash, 1 Ves. & B. 551; Wotten v. Copeland, 7 Johns. Ch. (N. Y.) 140, 2 N. Y. Ch. 247; Harwood v. Kirby, 1 Paige (N. Y.) 469; Knapp on Part. p. 266; 1 Jones on Mortg. § 475; Freeman on Cot. & Part. (2d Ed.) § 452. See Austin v. Bean, 101 Ala. 133, 16 South. 41, as to adjustment of equities as to an existing mortgage on common property to secure the debt of one of the joint owners.

The effect of the foregoing amendment to our partition statutes was to authorize decree of sale, and, where no portion of the land is allotted to the mortgagor (as a cotenant or joint owner), the lien of the mortgage, on his undivided interest in the land—if the land is sold at judicial sale for partition

___

[1] 207 Ala. 400.

among joint owners—attaches to the proceeds of the sale in proportion to the interest of the mortgagor in the land sold. Reed v. Fidelity Ins. Co., 113 Pa. 574, 6 Atl. 163; 27 Cyc. 1142. In the case of Gore v. Dickinson, 98 Ala. 363, 11 South. 743, 39 Am. St. Rep. 67, the bill was for partition, and one moiety was subject to mortgage; such a case being provided by express terms of the statute to attach "on the share assigned to such" lienee or mortgagee. Code, § 5215. Emrich v. Gilbert Mfg. Co., 138 Ala. 324, 35 South. 322; Betts v. Ward, supra.

[4, 5] A sale for division among joint owners is a matter of right, regardless of the inconvenience to or objection of one of such joint owners, where the averment is made and established by the proof that the lands sought to be sold cannot be equitably divided without a sale thereof. The general averment of necessity of a sale for division is sufficient as an allegation of fact, and is not a conclusion of the pleader. Wheat v. Wheat, 190 Ala. 461, 67 South. 417; Carson v. Sleigh, 201 Ala. 373, 78 South. 229; Musgrove v. Aldridge, 205 Ala. 189, 87 South. 803; Jernigan v. Gibbs, 206 Ala. 93, 89 South. 196; Miles v. Miles (Ala. Sup.) 91 South. 886;[2] Trucks v. Sessions, supra; Smith v. Witcher, 180 Ala. 102, 60 South. 391; McEvoy v. Leonard, 89 Ala. 455, 8 South. 40. In the case of Donnor v. Quartermas, 90 Ala. 164, 8 South. 715, 24 Am. St. Rep. 778, the court, speaking through Mr. Justice Somerville, said:

"So it may be considered as settled by the weight of authority, that every cotenant is entitled to demand a partition of the common property, although such partition may be inconvenient, or injurious—it has sometimes been said, or even ruinous—to one or more of the parties in interest. Freeman on Coten. & Part. 433, 438. * * * Or, as said by Mr. Adams in his work on Equity, p. 230, it 'may be demanded as matter of right, notwithstanding the difficulties by which a division may be embarrassed, or the mischief it may entail on the property.'" O'Neal v. Cooper, 191 Ala. 182, 184, 67 South. 689; Gore v. Dickinson, supra; Mylin v. King, 139 Ala. 319, 35 South. 998; Stein v. McGrath, 128 Ala. 175, 30 South. 792.

The fact that the complainant's undivided interest is subject to a mortgage cannot affect the equity of the bill, as for a sale for division, nor the rights of the respondent as executor of the mortgagee, as it is prayed that the amount of the mortgage be ascertained and paid out of the complainant's part of proceeds of the sale. It is expressly provided by Code, § 5232, as amended (Sp. Acts 1920, p. 164), that the court may adjust the equities and claims between the several cotenants or claimants, as well as the equities and claims of liens or incumbrances.

[6] It being averred that the lands cannot be equitably divided without a sale, the services of counsel for complainant in the prosecution of the suit to this end did not render the bill demurrable; the court may at its discretion allow a reasonable attorney's fee to the solicitors of the parties, to be taxed as a common charge on all the interest, and payable out of the proceeds in case of a sale. Code, §§ 3010, 5219; De Ramus v. De Ramus, 205 Ala. 219, 87 South. 354; Musgrove v. Aldridge, supra; Bidwell v. Johnson, 191 Ala. 195, 67 South. 985; Long v. Long, 195 Ala. 560, 70 South. 733.

[7] Some reference is made in argument to what is termed a "blank" in the first line of paragraph 3 of the bill. The averment in the bill (shown by the record) reads:

"That your —— is the owner of an undivided three-fourths (¾) interest in said real estate."

It is obvious that the blank is merely a typographical omission of the word "orator," and that the obvious meaning of the averment is fully shown and supplied by the words immediately following the same, viz.:

"And that said respondent Sterling A. Wood is the owner of an undivided one-fourth (¼) interest in the said real estate; that your orator's said undivided three-fourths (¾) interest in the said real estate is subject to a mortgage thereon," etc.

This sufficiently indicates that the word "orator," used in the two preceding paragraphs of the bill, was supplied by the context. Clinton Min. Co. v. Bradford, 200 Ala. 308, 312, 76 South. 74. However, it will be further noted that in the second paragraph of the bill it is averred that—

"Your orator and the said respondent Sterling A. Wood are joint owners or tenants in common of the following described real estate."

And in the fourth paragraph it is averred that—

"Said real estate cannot be equitably divided or partitioned between your orator and said respondent Sterling A. Wood without a sale," etc.

[8] The prayer is likewise appropriate and informing to the respondent on the question of issues and parties. The context supplies the omission of the word "orator" in paragraph 3; and the argument rested thereon is unavailing. The averments of the bill are sufficiently certain when it enables the court to see clearly that complainant has such a right as warrants its interference and the defendant to be distinctly informed of the nature of the case he is called upon to defend. Overton v. Moseley, 135 Ala. 599, 607, 33 South. 696; Heflin v. Heflin, ante, p. 69, 93 South. 719.

[9] The sufficiency of the bill for nonjoinder of Henderson Barnett Land Company, mortgagor, to Christina S. Webb, deceased,

---

[2] 207 Ala. 57.

whose executors are made parties, is challenged by demurrer. The absence of a necessary party to a bill may be presented by appropriate demurrer, plea or answer, and may be taken by the court ex mero motu. Hodge v. Joy (Ala. Sup.) 92 South. 171.[3] The subject of necessary parties has been long discussed by the courts, and there is slight analogy in the old cases. In Rose v. Page (1829) 2 Simons Eng. Ch. Rep. 471, a second mortgagee filed a bill of foreclosure against his mortgagor and the third mortgagee, without making the first mortgagee a party. The Vice Chancellor said:

"Convenience requires that. such a bill should be supported. All the subsequent incumbrancers have taken subject to the first mortgage; and therefore they dealt on the footing that there were securities on the equity of redemption. I have not been able to find any authority upon the subject, but from a manuscript note of the late Sir Samuel Romilly [Delabere v. Norwood. 3 Swanst. (1786) 144], it appears to have been his opinion, that to a bill, by incumbrancers upon an estate, to have the estate sold, it was not necessary to make annuitants, having prior charges, parties."

See, also, Richards v. Cooper, 5 Beav. Rolls Ct. Cases (1842) 304, where the Master of the Rolls overruled the objection and made the decree for foreclosure, saying:

"A puisne mortgagee can sustain a bill of foreclosure against the mortgagor and subsequent mortgagees, without making the eigne mortgagee a party."

In Jerome & Beaman v. McCarter, 94 U. S. 734, 736, 24 L. Ed. 136 (a case of foreclosure by a junior mortgagee), Mr. Justice Strong declared that it was contended that the bill could not be sustained because prior mortgagees were not made parties, and that the position was untenable, and it was "not necessary in all cases to make a prior mortgagee a party," and "can never be indispensable to make defendants of those against whom nothing is alleged, and from whom no relief is asked." This is the rule followed by the Supreme Court of the United States. French v. Shoemaker, 14 Wall. (81 U. S.) 314, 20 L. Ed. 852; Hagan v. Walker, 14 How. (55 U. S.) 29, 14 L. Ed. 312; Payne v. Hook, 7 Wall. (74 U. S.) 425, 432, 19 L. Ed. 260; Woodworth v. Blair, 112 U. S. 8, 5 Sup. Ct. 6, 28 L. Ed. 615; Hefner v. N. W. Mut. L. I. Co., 123 U. S. 747, 8 Sup. Ct. 337, 31 L. Ed. 309.

[10, 11] Under a mortgagee's right of procedure for collection of his debt or the possession or subjection of his security, the parties to a mortgage are necessary parties to a bill having the primary effect of a foreclosure by the mortgagee on ascertainment of the mortgage debt. A mortgagee has one of three modes of procedure given him in the collection of his debt or subjection of his

security to its discharge: (1) He may bring a suit of debt upon the bond, or (2) maintain a timely and appropriate action for the possession of the property conveyed by the mortgage, and (in a proper case) possess himself of the rents and profits thereof, or of the increase as proceeds thereof, or (3) he may foreclose the equity of redemption and sell the property for the satisfaction of his debt, and have a deficiency decree for that part of the debt not discharged by the sale of the property conveyed or the subject-matter of his security.

In Broughton v. Mitchell, 64 Ala. 210, the bill was filed by a vendor and assignee against the purchaser to enforce payment of purchase money on land; held that the assignor was a proper party, and where the legal title still remains in him by reason of an ineffectual or conditional assignment he is a necessary party. McCall's assignee, Mitchel, sued, and McCall joined with him as a cocomplainant against the purchaser, Broughton; respondent objected to McCall's presence as a party. Held there was no misjoinder of McCall, since the latter held the general legal title and the purchaser had only the special title, and the proceeding was to divest out of McCall and invest in his assignee, Mitchell.

In Bolling v. Pace, 99 Ala. 607, 611, 12 South. 796, is contained the statement that the purpose of a foreclosure suit is to "settle interests" claimed or existing in subordination to the mortgage being foreclosed; that only those should be made parties who claim under the parties to the instrument; that—

"Rufus Cook having thus at law the legal title to the land in controversy, paramount to the title of complainants under the mortgage, and in equity the older and superior mortgage, should not have been made a defendant to the present bill."

In a suit for foreclosure, the mortgagor, the mortgagee, and those who have acquired any interest under them subsequent to the mortgage are generally said to be necessary parties. Hambrick v. Russell, 86 Ala. 199, 5 South. 298; Gay, Hardie & Co. v. Brierfield C. & I. Co., 94 Ala. 303, 11 South. 353, 16 L. R. A. 564, 33 Am. St. Rep. 122; Orr v. Blackwell, 93 Ala. 212, 8 South. 413; Morris v. Alston, 92 Ala. 502, 9 South. 315; Wells v. Am. Mortg. Co., 109 Ala. 430, 440, 20 South. 136; Lyon v. Powell, 78 Ala. 351.

[12] Where the pleadings on foreclosure of a mortgage are such as seek a personal decree against a mortgagor in event of the insufficiency of the proceeds of the sale of the mortgaged property, the mortgagor is a necessary party to the suit. Lyon v. Powell, supra; Tucker v. Pilcher, 199 Ala. 609, 75 South. 171. If no such decree is sought, he is not a necessary party. Tucker v. Pilcher, supra; Hamilton v. Clancey, 196 Ala. 194, 72 South. 15; Singleton v. U. S. F. & G. Co.,

---

[3] 207 Ala. 198.

195 Ala. 506, 511, 70 South. 109; Carwile v. Crump, 165 Ala. 206, 51 South. 744. In Boutwell v. Steiner, 84 Ala. 307, 4 South. 184, 5 Am. St. Rep. 375, the mortgagor, Hinson, having unconditionally sold and conveyed to appellant Boutwell his entire interest in the land, that interest "being a mere equity of redemption," he was held not a necessary party to the suit for foreclosure of the mortgage lien. "His assignee only need be made a party defendant." Batre v. Auze's Heirs, 5 Ala. 173; Wilkinson v. May, 69 Ala. 33.

[13] It is further established in this court that the holder of a mortgage on a moiety in land may maintain a bill to foreclose and, as an incident thereto, may sell for division among the cotenants. In such case the parties in interest must be before the court. Jordan v. Walker, 201 Ala. 248, 77 South. 838; Lyon v. Powell, supra; Lehman, Durr & Co. v. Rogers, 81 Ala. 363, 1 South. 703; Nelson v. Kelly, 91 Ala. 569, 8 South. 690; Hines v. Chicago Bldg. & Mfg. Co., 115 Ala. 637, 22 South. 160.

[14] The purpose of the instant bill is for a sale for division where the properties are averred not to be susceptible of an equitable division among joint owners, to ascertain the mortgage debt due and existing upon a moiety in the land, and its payment from such aliquot part of the assignee of the mortgagor. In such a suit under the statute, all prior incumbrancers or lienees should be made parties to be bound by the decree, and that the land be sold free of lien or incumbrance. If the legal effect was for sale for division under the statute, and incidentally in the nature of foreclosing the rights of a mortgagee or affecting the lien of a lienee on a moiety in the land still held by the mortgagor or lienor, the latter would also be necessary parties. If such lienor or mortgagor has duly assigned or conveyed his interest or equity of redemption, such grantee or assignee is a necessary party and not the mortgagor or lienor.

The ground of demurrer challenging the bill for failure to make the mortgagor a party is not well assigned, it being averred that complainant is the owner of the moiety made the subject of the mortgage by Henderson Barnett Land Company. In the present aspect of the bill, no deficiency decree can be had (or is sought) against the mortgagor. He is represented, for the purposes of the instant suit, by the complainant, its privy in conveyance of its interest in said land and who offers payment of the mortgage out of his interest in the proceeds of the sale of the land.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.