(92 South. 792)

## ROY v. ABRAHAM et al.   (3 Div. 543.)

(Supreme Court of Alabama. Feb. 9, 1922.
Rehearing Denied April 27, 1922.)

**1. Partition ⚷⟶13—Real estate to be sold for division must be held by joint owners or tenants in common.**

Under Code 1907, § 5231, real estate desired sold for division must be held by joint owners or tenants in common.

**2. Partition ⚷⟶13—Right to sell land for division exists in favor of and against tenants in common or joint owners.**

The right to sell lands for division exists in favor of and against tenants in common or joint owners.

**3. Partition ⚷⟶55(2)—Complainant must show tenancy in common or joint ownership to confer jurisdiction.**

Under Code 1907, § 5231, complainant, in a suit for sale and division of real estate, must aver facts showing tenancy in common or joint ownership, to confer jurisdiction.

**4. Partition ⚷⟶13—Judgment creditor of owner of interest in real estate cannot maintain suit to compel sale for division.**

Under Code 1907, § 5231 a judgment creditor of the owner of a one-fourth interest in real estate is not a joint owner nor tenant in common with remaining owners thereof, and hence cannot maintain a suit to compel a sale of the property for division on the ground that it cannot be equitably divided among the joint owners or tenants in common.

**5. Partition ⚷⟶13—Remedy of judgment creditor enforcement of lien on property of debtor.**

Under Code 1907, § 5231, requiring complainant in suit to partition or sell land for division to be a tenant in common or joint owner thereof, a judgment creditor of one of the tenants in common or joint owners of the land cannot sue for partition and in such suit enforce his lien under section 5232, which authorizes the court to adjust all equities and claims of the cotenants.

**6. Judgment ⚷⟶801—Joint owners strangers to lien of judgment creditor of one joint owner improper parties in suit to enforce lien.**

Where a judgment creditor sought to enforce a judgment against the owner of a one-fourth interest thereof, the remaining joint owners, being strangers to the lien of the judgment creditor, were unnecessary and improper parties to the suit.

**7. Equity ⚷⟶239—Demurrer to bill admits facts alleged.**

On demurrer to a bill, the facts alleged are considered undisputed.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill by James D. Roy against Adolph Abraham and others to enforce the judgment lien on an undivided interest in real estate and for the sale of same for partition or division. From a decree sustaining Abraham's demurrers and dismissing the bill as to the other defendants, complainant appeals. Affirmed.

W. A. Gunter, of Montgomery, and C. E. O. Timmerman, of Prattville, for appellant.

The bankruptcy proceedings did not affect the lien of the judgment, as it was more than four months old. 3 R. C. L. §§ 142, 143; 7 C. J. 185, 192, and note; 23 N. D. 477, 137 N. W. 412, 42 L. R. A. (N. S.) 292. The mere setting apart of the property of the homestead as exempt to the bankrupt was not an administration or adjudication of the judgment lien. 3 R. C. L. § 143; 23 N. D. 477, 137 N. W. 412, 42 L. R. A. (N. S.) 296. The trusteeship is servient to equitable interest. 2 R. C. L. 636–638; Pomeroy's Equity, § 149. Roy had a right to use the name of Adolph Abraham jointly to effect a sale for partition. 103 Ala. 614, 15 South. 897; 112 Ala. 458, 21 South. 325; 77 Ala. 507.

Stewart Mackenzie and W. M. Blakey, both of Montgomery, for appellees.

The lien of the judgment attached only to property which was subject to sale and levy under execution. Section 4157, Code 1907. The homestead is exempt from levy and sale under execution, and the judicial ascertainment of the fact by the United States court that this was a homestead is binding and conclusive. Section 4160, Code 1907; 196 U. S. 193, 25 Sup. Ct. 221, 49 L. Ed. 443. Appellant could not maintain a bill for partition. 23 Cyc. 1390; 15 R. C. L. 797; 106 Ala. 471, 17 South. 709; 28 Vt. 228, 67 Am. Dec. 708 and note; 15 Gray (Mass.) 499, 77 Am. Dec. 378; 111 Ala. 157, 20 South. 378.

MILLER, J. James D. Roy in 1913 recovered a judgment against Adolph Abraham. A certificate of it was duly recorded in the probate office of Montgomery county in that year. Adolph Abraham, Joseph Zadek, Isadore Zadek, and Rosa Sacks own jointly [one-fourth each] a house and lot in Montgomery. Adolph Abraham in April, 1919, was adjudicated a bankrupt, and was discharged. He did not schedule his interest in this house and lot. In June, 1921, after his discharge, he filed petition in the court, averred failure to schedule the property, asked that it be done, and that it be set apart to and allowed him as' a homestead, exempt from the payment of debts, and that he was then in possession of it. The house and lot were by the court allowed him as a homestead, exempt from the payment of debts.

This bill is filed by James D. Roy against Adolph Abraham and the three other owners of the house and lot to collect the judg-

---

⚷⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment through his lien on Abraham's one-fourth interest, by selling the entire property for division among all the joint owners, because it cannot be equitably partitioned among them; and to have one-fourth of the proceeds, Abraham's part, applied on the judgment, and the balance, if any, paid to him, and to have the residue (the other three-fourths) of the proceeds divided among the other joint owners according to their interests and rights. Abraham demurred to the bill, and the other defendants moved to dismiss the bill as to them. The demurrers of Abraham were sustained, and the motion to dismiss by the other defendants was granted by the court. James D. Roy appeals from and assigns this decree as error.

James D. Roy is the sole party complainant. Under the averments of the bill his only interest in the property is a judgment lien on the one-fourth interest of Adolph Abraham.

Section 5231, Code 1907, reads:

"The chancery court shall have jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common, whether the defendant denies title of the complainant or sets up adverse possession or not."

[1-3] The real estate desired to be sold for division must be held by joint owners or tenants in common. The right to sell land for distribution exists in favor of and against tenants in common or joint owners. The complainant must aver facts showing that he is a tenant in common, or a joint owner with the respondents, for his bill to give the court jurisdiction. Shepard v. Mt. Vernon Lbr. Co., 192 Ala. 322, 68 South. 880, 15 A. L. R. 23; In Russell v. Beasley, 72 Ala. 190, the court said:

"It is required of the complainants, however, that they should show a clear title to an undivided interest in the lands sought to be partitioned."

In Berry v. T. & C. I. & R. R. Co., 134 Ala. 622, 33 South. 9, the court said:

"Indeed it is required of complainant that it should show a clear title to an undivided interest in the lands sought to be partitioned."

In Brown v. Feagin, 174 Ala. 438, 57 South. 20, the court said:

"The right of partition, or sale for distribution, is a right which from its very nature exists only in favor of and against tenants in common, and the equity of the bill filed for either purpose is founded on the community of title or interest in the several parties complainant and defendant."

In Shepard v. Mt. Vernon Lbr. Co., 192 Ala. 325, 68 South. 881, 15 A. L. R. 23, this court said:

"A cotenancy is an indispensable element of every compulsory sale for division under our statutes; and that, if there is no cotenancy, there is no right to a sale for division."

In Arnett v. Bailey, 60 Ala. 435, Justice Stone wrote:

"The bill, however, prays for partition of the lands * * * for that purpose, the court of chancery has jurisdiction, if the complainant has averred a clear title to an undivided interest in the lands."

In Kelly v. Deegan, 111 Ala. 152, 20 South. 378, Chief Justice Brickell wrote:

"The essential, controlling element of the jurisdiction is, that the lands 'cannot be equitably divided or partitioned' among the tenants. * * * When this fact exists, a sale at the instance of either tenant is matter of right, as actual partition at common law was matter of right, without inquiring whether it is of benefit or injury to the other tenants."

The complainant must aver and prove that he is a joint owner or tenant in common of the real estate to give the court jurisdiction under the statute to compel by decree a sale of it for division on the ground it cannot be equitably partitioned. The right to compel a sale of real estate for division, because it cannot be equitably partitioned, is given to either of the joint owners or to either of the tenants in common of the real estate. If the sole complainant is neither a joint owner nor a tenant in common of the real estate, then the court on his application has no jurisdiction to divide or partition or to sell for partition the property. The respondents each own, under the averments of the bill, an undivided one-fourth interest in the real estate, and are in possession of it. The complainant owns under the bill a judgment lien on the undivided one-fourth interest of Adolph Abraham, one of the defendants, in the real estate. Is the complainant a joint owner or tenant in common with the respondents in this real estate? In Bell v. Goetter, Weil & Co., 106 Ala. 471, 17 South. 711, Chief Justice Brickell approvingly quoted:

"Now, it is not understood that a general lien by judgment on land constitutes, per se, a right in the land itself. * * * In short, a judgment creditor has no jus in re, but a mere power to make his general lien effectual, by following up the steps of the law, and consummating his judgment by an execution and levy on the land. * * * The only remedy of the judgment creditor is against the thing itself, by making that a specific title which was before a general lien."

In Perkins v. Brierfield Iron & Coal Co., 77 Ala. 410, Justice Clopton wrote:

"An execution lien on land constitutes no property or right in the land itself. * * * A judgment creditor has no jus in re, but a mere power to make his general lien effectual by following up the steps of the law."

These principles are fully sustained by the general line of authorities in nearly all of

the states, cited in 23 Cyc., Lien of Judgments, p. 1350, A, headnote 1, and in 15 R. C. L., Judgments, art. 254, p. 797, headnotes 19, 20, and 1.

In Phelps v. Palmer, 15 Gray (Mass.) 499, 77 Am. Dec. 378, the court writing on this subject held:

"A judgment creditor who has levied his execution on real estate held by his debtor in common with third persons cannot petition for partition of the estate till after the expiration of the year within which the debtor may redeem." To the same effect see Newton Bank v. Hull, 10 Allen (Mass.) 144; Ewer v. Hobbs, 5 Metc. (Mass.) 6.

[4] The complainant, a judgment lien creditor of Adolph Abraham, is not by virtue of his alleged lien on Abraham's one-fourth interest in the real estate a joint owner or tenant in common with the other three defendants in this property. He may have a lien on the one-fourth interest of Abraham, and it may be enforced in equity, but this lien constitutes no property or right in the land itself. He is not one of the joint owners of it. He is not one of the joint tenants of it. This lien on the one-fourth interest neither makes him a joint owner nor tenant in common in the land with the other respondents. Hence he cannot under the statute (section 5231, Code 1907) maintain this suit to compel a sale of it for division on the ground it cannot be equitably partitioned among the joint owners or tenants in common, because under the averments of his bill it appears he is neither a joint owner of, nor tenant in common in, the property with the respondents.

[5] It is true under section 5232 of the Code of 1907 the court after obtaining jurisdiction may adjust the equities between and determine all claims of the several cotenants, as well as the equities and claims of the incumbrancers; but the complainant must, by the averments of his bill, be a joint owner or tenant in common in the property to give the court jurisdiction to partition it or to sell it for division. Long v. Long, 195 Ala. 560, 70 South. 733. "The only remedy of the judgment creditor is against the thing itself, by making that a specific title which was before a general lien." Bell v. Goetter, Weil & Co., 106 Ala. 471, 17 South. 709. In this case, enforce his lien, through the court, on "the thing itself," the interest of his debtor, Abraham, in the property.

[6, 7] Three of the respondents have no interest in the application of complainant by the bill to have the court enforce his judgment lien on the one-fourth interest of Abraham in the property. Their interest in the property is not involved in that lien. They and their property interests are strangers to it, and are not connected with the judg-

ment lien of complainant. Hence they are unnecessary and improper parties to it. The demurrers of the respondent Abraham and the motion of the other respondents point out these defects in the bill, and the court did not err in sustaining the demurrers and granting the motion. We find no averment in the bill that complainant was a party to the cause in the court when the property was set apart to Abraham as a homestead and as exempt. The bill avers complainant has a judgment lien on the one-fourth interest of Abraham in the house and lot, and under demurrer this is considered undisputed. Erswell v. Ford, 205 Ala. 494, headnote 4, 88 South. 429. If he has no such lien, the answer can aver the facts showing it, if the bill is amended.

We find no error in the record. The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.