15 So.2d 276

**HARGETT et al. v. HOVATER.**

8 Div. 248.

Supreme Court of Alabama.

Aug. 7, 1943.

Rehearing Denied Oct. 14, 1943.

Wm. Stell, of Russellville, for appellee.

Wm. L. Chenault, of Russellville, for appellants.

BROWN, Justice.

The evidence shows that appellee G. B. Hovater became a surety on the appeal bond of Leonard Hargett in the case of A. Albert against said Hargett for the purpose of appealing from a judgment rendered by a justice of the peace court, to the Circuit Court of Franklin County, and on the 4th day of May, 1938, judgment nil dicit was rendered against said Hargett and the sureties on said appeal bond for the sum of $91.53, and the costs of suit—$31.11. Albert caused a certificate of said judgment to be issued and registered in the office of the judge of probate of said county, on the 31st day of October, 1938, stating that the judgment was rendered on the 20th of June, 1938. The sufficiency of this registration to create a lien under §§ 584, 585, T. 7, Code 1940, is not questioned on this appeal. The existence of a certificate issued and registered in strict compliance with the statute is essential to the creation of a lien. Roney v. Dothan Produce Co., 217 Ala. 475, 117 So. 36; Morris v. Waldrop, 213 Ala. 435, 105 So. 172; Duncan v. Autauga Banking & Trust Co., 223 Ala. 434, 136 So. 733.

The evidence further shows that the appellee Hovater paid said judgment; and under the provisions of § 101, Code 1940, Tit. 9, was subrogated to the rights of said Albert, to enforce the same in the name of said Albert against the property of said Hargett. The lien attaches only to property of the judgment defendant which is subject to execution. Brock

Candy Co. v. Elson, 211 Ala. 244, 100 So. 94; White v. Gibson, 221 Ala. 279, 128 So. 784.

■ The utmost relief to which Hovater is entitled under the case made by the evidence was to enforce his lien against the undivided interest of said Leonard Hargett, in the lands described in the bill as the property of said joint owners or tenants in common, for the satisfaction of said judgment lien and the costs of suit. He is not entitled to have the lands sold for division among the joint owners, and said joint owners, other than Leonard Hargett, are not proper parties to the bill. The bill is without equity as to the other joint owners. Roy v. Abraham, 207 Ala. 400, 92 So. 792, 25 A.L.R. 101.

■ The trial court, to sustain the decree ordering a sale of the lands for division, invoked and applied the principle that with jurisdiction acquired for enforcing the judgment lien, the court may extend its decree to matters other than that on which the equity of the bill rests. Such auxiliary relief cannot be applied to parties who have no interest in the controversy and who are not proper parties to the bill. Equitable Mortgage Company v. Finley, 133 Ala. 575, 31 So. 985. The bill in the case of Jordan et al. v. Walker et al., 201 Ala. 248, 77 So. 838, cited in the decree to support the auxiliary relief granted, sought the foreclosure of a mortgage after default of the mortgagor. The mortgage having been discharged of its condition by the default of the mortgagor, the mortgagees were invested with an interest rising to the dignity of an estate in the land, with legal title drawing to them the right of possession, constituting them joint owners. Crabtree v. Price, 212 Ala. 387, 102 So. 605; Hughes-Tidwell Supply Co. v. Carr et al., 203 Ala. 469, 83 So. 472; Coker v. Pearsall, 6 Ala. 542; Connecticut General Life Ins. Co. v. Smith, 226 Ala. 142, 145 So. 651; Lyon v. Powell, 78 Ala. 351.

Hines et al. v. Chicago Building & Manufacturing Company, 115 Ala. 637, 22 So. 160, was a bill to enforce a materialman's and mechanic's lien, arising out of a single contract between the complainant and defendants for the construction of a building on a single lot or parcel of land to be used by the defendants, who contemplated the formation of a corporation which was to be the owner, each of the defendants subscribing for a specified number of shares. While the court held that the liability of each to pay was governed by the number of shares subscribed, the lien of the complainant covered the entire building and the lot. Those who had paid their pro rata share were necessary parties because of their relation to the contract with complainant, and their joint ownership with those who had failed to pay.

■ In the instant case the judgment lien does not invest the complainant with title, hence he has no estate in the land and is not a joint owner, and his judgment only attaches to the undivided interest of Leonard Hargett, which is subject to sale under execution issued in the name of Albert, or the lien may be enforced in equity. Code 1940, T. 13, § 1; Tierce v. Knox, 207 Ala. 121, 92 So. 263.

■ In such proceeding no benefit can come to the other joint owners and they should not be made to pay attorney's fees. Willingham v. Hood et al., 242 Ala. 686, 8 So.2d 181; Farmers' Bank & Trust Co. v. Borroughs, 217 Ala. 97, 114 So. 909.

The bill should be amended, if such amendment is permissible, so as to conform its allegations to the facts.

Reversed and remanded. ·

GARDNER, C. J., and THOMAS, FOSTER, LIVINGSTON, and LAWSON, JJ., concur.

On Rehearing.

PER CURIAM.

The opinion is corrected and the application for rehearing is overruled.

GARDNER, C. J. and THOMAS, BOULDIN, BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.