James E. FOLSOM, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18875.

United States Court of Appeals Fifth Circuit.

July 26, 1962.

362

Joe T. Booth, III, Montgomery, Ala., Jackson W. Stokes, Elba, Ala., Jack Cren-shaw, Wright, Long, Booth & Franco, Montgomery, Ala., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Hartwell Davis, U. S. Atty., Montgomery, Ala., George F. Lynch and Joseph Kovner, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before JONES, WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

This case involves the rights of the United States of America, a delinquent taxpayer, Fred Folsom, who is a joint owner of the real estate involved, and the rights of other joint owners of such real estate located in Coffee County, Alabama, in a proceeding instituted by the United States of America to enforce tax liens against the one-sixth undivided interest of Fred Folsom in the property. The trial court decreed a public sale of all of the jointly owned property, the payment of the costs of sale from the proceeds, the payment of one-sixth of the balance to the Government in satisfaction of its tax liens, and the remaining five-sixths paid to the other joint owners.

The following facts are admitted. Fred Folsom is indebted to the Government for deficiencies in income tax for the years 1948 and 1949 in the total amount of $26,146.90 plus interest thereon to October 27, 1960, in the amount of $8,009.34, and the Government has valid and subsisting tax liens on the one-sixth undivided interest of Fred Folsom in the mentioned real estate. The five appellants each own a one-sixth undivided interest in and to said real estate, which consists of farm and wooded lands in tracts containing 5 acres, 15.57 acres, 40 acres, 143.51 acres, 159.76 acres, and 170 acres; and a house and lot situated in the town of Elba, Alabama, 89 feet wide running east and west and 195 feet deep running north and south.[1]

1. We do not adjudicate the manner or proportion of ownership of the parties, but have followed the conclusions of the court and the parties involved that Fred Folsom owns an undivided one-sixth interest and the five appellants each own an undivided one-sixth interest in said real estate.

The Government filed its complaint to enforce its tax liens against Fred Folsom pursuant to § 7402 and § 7403 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 7402–7403.[2] The Government's complaint sought the following relief: (a) A determination and adjudication of the amount of taxes, penalties and interest owed by Fred Folsom; (b) That the Government has valid and subsisting tax liens on the one-sixth undivided interest owned by Fred Folsom in the real properties mentioned; and (c) That the court decree a sale of said real properties and a distribution to the United States of one-sixth of the proceeds of such sale in satisfaction of the liens claimed plus judgment for costs incurred. The liability of Fred Folsom for the taxes involved and the existence of the liens are admitted by all parties, and are not issues in this Court.

The controversy arises in connection with the decree ordering a sale of the property. In its amended complaint the Government alleged in paragraph 18 as follows: "The property described in the complaint, as amended, cannot be equitably divided among the owners of said property.". There were findings of fact, conclusions of law and a decree of the court directing that all of the properties be sold by the United States Marshal at public auction to the highest bidder after advertisement for four weeks; the employment of a professional auctioneer, whose charges were to be part of the cost; that the cost of sale be attributed to each parcel in proportion to the gross price realized from the sale of each parcel, and after the satisfaction of the costs of sale, one-sixth of the remaining proceeds derived from the sale of each parcel was ordered distributed to the United States in satisfaction of its tax liens, and that one-sixth of such remaining proceeds be distributed to each of the five appellants. The costs were taxed jointly and severally against all of the defendants.[3]

2. 26 U.S.C.A. § 7402 confers jurisdiction on District Courts. § 7403 contains the following provisions:

"(a) Filing.—In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary or his delegate, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

"(b) Parties.—All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.

"(c) Adjudication and decree.—The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

"(d) Receivership.—In any such proceeding, at the instance of the United States, the court may appoint a receiver to enforce the lien, or, upon certification by the Secretary or his delegate during the pendency of such proceedings that it is in the public interest, may appoint a receiver with all the powers of a receiver in equity. Aug. 16, 1954, 9:45 a. m., E.D.T., c. 736, 68A Stat. 874."

A lien for taxes is created by § 6321, of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6321 (§ 3670 of the 1939 Code, 26 U.S.C.A. § 3670).

3. At the conclusion of the evidence offered by the Government, the court made the following statement as to division in kind of the property:

"I don't believe there is a sufficient showing that the property cannot be equitably divided."

Counsel for the appellant made the following statement:

"Your Honor, we have no evidence to offer at this time before the court. We will rely on the question of law involved and would like to make an argument."

Among others, the court made the following findings of fact:

"21. Plaintiff submitted evidence at the trial tending to show that the real

Appellants complain that it is unfair and unjust to them as joint owners of the property with Fred Folsom for the court to order and decree a sale of the entire property at public outcry, to require them to pay a pro rata share of the costs and expenses of such sale and to subject them to the uncertainties, inconvenience, and loss of ownership and possession, resulting from such a sale in order that the Government may obtain satisfaction of its tax liens against Fred Folsom. Appellants readily admit the Government has the right to subject the undivided one-sixth interest of Fred Folsom to sale, but they contend that the remedy of the Government in this proceeding goes no further. They contend that the Government is only a lienholder, and as such does not have the right to seek a partition in kind or a sale of all of the property. In any event, the appellants contend that even if the Government had the right to subject the entire property to sale, such a decree by the court would be appropriate only after there had been sufficient proof that the property could not be equitably divided or partitioned in kind. On the other hand, the Government contends that no such limitations as put forth by the appellants apply to the United States under the above cited provisions of the

Internal Revenue Code; and that such provisions constitute ample authority for the trial court's action.

This is a case in which the Government is diligently pursuing the taxpayer in an effort to satisfy tax liens for delinquent taxes, penalties and interest; but in doing so, it is challenged by others who claim to be innocent bystanders, admitting the right of the Government to collect, but contending that they are being seriously injured by the procedure, and that their property rights are being jeopardized to satisfy tax liens against another. The case therefore, is drawn down to the narrow margin that sometimes arises between the rights of the Government to have its taxes paid and its liens satisfied, and the rights of individuals who do not owe the tax but who claim they are being injured by the efforts of the Government to collect.

■■ Both the Government and the appellants agree that liens for Federal taxes and the manner of their enforcement are controlled by Federal law; and that the rules of property fixing the incidents of property ownership are rules of state law which the Federal courts will respect. Such is the clear and unchallenged holding of this Court in United

---

properties described hereinabove cannot be equitably divided among the co-tenants. Defendants did not submit any evidence tending to show that said real properties can be equitably divided."

"22. If the one-sixth undivided interest of the defendant, Fred Folsom, in the real properties described hereinabove, were offered for sale pursuant to decree of the Court, such sale would bring no more than a nominal amount."

"23. Under all the circumstances, the most equitable method of protecting the interests of all parties is for the Court to decree a sale of the entire properties described hereinabove, and a distribution of the proceeds of such sale according to the interests of the parties in said real properties."

The court reached the following pertinent conclusions of law:

"4. This Court has power and jurisdiction, within its discretion, under the

provisions of Sections 7402 and 7403 of the Internal Revenue Code of 1954, to decree a sale of the entire real properties described in the findings of fact hereinabove, free and clear of all liens, claims and interests of every kind of all of the parties to this action, and a distribution of the proceeds of such sale according to the interests of the parties. Under the provisions of Section 7403 it is not necessary to the exercise of such discretion that the Court find that said real properties cannot be equitably divided among the co-tenants. The Court will exercise its discretion to decree such a sale and distribution."

"5. Judgment will be entered decreeing and ordering a sale of the entire real properties described in the findings of fact hereinabove free and clear of all liens, claims and interests of every kind of all of the parties to this action."

States v. American Nat. Bank of Jacksonville, (5 Cir., 1958) 255 F.2d 504:

"We do not question the rule that liens for Federal taxes and the manner of their enforcement are matters which are governed by the Federal law. Bank of Nevada v. United States, 9 Cir., 1957, 251 F.2d 820. However, the rules of property and fixing the incidents of property ownership are rules of state law which the Federal courts will respect. Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239."

In effect, both the Government and the individuals involved admit that under Alabama law the following incidents of property ownership are recognized: (a) Each joint owner has the right to possess the entire property, but each actually owns an undivided one-sixth interest and their rights in the property are equal; (b) Each joint owner has the right to have the property partitioned in kind; or if that cannot be accomplished in an equitable fashion, each has a right to force a sale of the property and a division of the proceeds derived therefrom; (c) If the property can be equitably divided in kind, each joint owner has the right to have set aside to him a fair and equitable portion of the real estate; and (d) Each joint owner has the right to remain in the undisturbed possession of the entire property until there is a partition in kind; or if partition in kind can not equitably be achieved such right of possession continues until there is a sale for a division of the proceeds derived therefrom.

As to the facts, both sides also admit there was no proof that the property could not be partitioned in kind, but the Government contends and the court found that, "Under the provisions of Section 7403 [Internal Revenue Code of 1954] it is not necessary to the exercise of such discretion that the court find that said real properties cannot be equitably divided among the co-tenants." [4]

■ It is unquestionably the law of Alabama that as a general rule, a joint owner is entitled to a partition of property in kind. Dimmick v. First National Bank of Montgomery, 228 Ala. 150, 153 So. 207: [5]

"It is well settled that a joint owner, as a general rule, is entitled, as of right, to a partition in kind, and, where the property involved is a fee-simple title, a presumption of fact prevails, until removed by satisfactory evidence that partition in kind is feasible."

In aid of the policy of partitioning in kind where a division into equal shares cannot be achieved exactly, Alabama has a statute authorizing owelty to achieve such equality. [6] Alabama is likewise committed to the rule that only a joint owner or tenant in common is entitled to have property partitioned in kind or sold for a division of the proceeds. Hargett et al. v. Hovater, 244 Ala. 646, 15 So.2d 276: [7]

"The utmost relief to which Hovater is entitled under the case made by the evidence was to enforce his lien against the undivided interest of said Leonard Hargett, in the lands described in the bill as the property

4. See Note 3, page 364, supra.

5. See also Deloney v. Walker (1893) 9 Port. 497; Oliver v. Jernigan (1871) 46 Ala. 41; Donnor v. Quartermas, 90 Ala. 164, 8 So. 715; and Wight v. Ingram-Day Lumber Co., 195 Miss. 823, 17 So. 2d 196.

6. Title 47, § 190, Vol. 10 Alabama Code: "§ 190 (9335) (5233) Partition without commissioners; owelty.—If, at the hearing, it appear that the intervention of commissioners is unnecessary to secure an equal partition in kind, or that the same can be effected by providing owelty,

and that it would best promote the interest of the parties, the circuit court may decree the partition and fix the amount to be paid by one or several cotenants to another or others; or this may be done on hearing the report of the commissioners."

7. See also Roy v. Abraham et al., 207 Ala. 400, 92 So. 792, 25 A.L.R. 101; Berry v. Tennessee & C. R. R. Co., 134 Ala. 618, 622, 33 So. 8, 9; Brown v. Feagin, 174 Ala. 438, 57 So. 20; Shepard v. Mount Vernon Lumber Co., 192 Ala. 322, 325, 68 So. 880, 881, 15 A.L.R. 23.

of said joint owners or tenants in common, for the satisfaction of said judgment lien and the costs of suit. He is not entitled to have the lands sold for division among the joint owners, and said joint owners, other than Leonard Hargett, are not proper parties to the bill. The bill is without equity as to the other joint owners. Roy v. Abraham, 207 Ala. 400, 92 So. 792, 25 A.L.R. 101.

\* \* \* \* \* \*

"In the instant case the judgment lien does not invest the complainant with title, hence he has no estate in the land and is not a joint owner, and his judgment only attaches to the undivided interest of Leonard Hargett, which is subject to sale under execution issued in the name of .Albert, or the lien may be enforced in equity. Code 1940, T. 13, § 1; Tierce v. Knox, 207 Ala. 121, 92 So. 263.

"In such proceeding no benefit can come to the other joint owners and they should not be made to pay attorney's fees. Willingham v. Hood et al., 242 Ala. 686, 8 So.2d 181; Farmers' Bank & Trust Co. v. Borroughs, 217 Ala. 97, 114 So. 909. \* \* \*"

There is likewise Federal statutory [8] and case law which recognizes the rights of joint tenants to the partition of lands. Logue v. Ferris, (8 Cir., 1922) 280 F. 286, 290, wherein the court stated:

"But it is a fundamental rule, inherent in the nature of the subject and recognized by section 1497, that there can be partition of lands only among joint tenants, tenants in common or coparceners; and both the will and the order demonstrate that there were no such persons in this case."

Dryden v. Dryden, 8 Cir., 265 F.2d 870, 875, in which the court stated:

"The right of a tenant in common to partition is generally absolute and is an incident of common ownership. Shell Oil Co. v. Seeligson, 10 Cir., 231 F.2d 14, 17; 68 C.J.S. Partition § 21. \* \* \*"

and Second Realty Corporation v. Krogmann, 98 U.S.App.D.C. 283, 235 F.2d 510, from which we quote:

"The statute relating to partition of lands in the District of Columbia reads in pertinent part as follows:

" 'The equity court may decree a partition of any lands, tenements, or hereditaments on the bill or petition of any tenant in common, claiming by descent or purchase, or of any joint tenant or coparcener; or if it appear that said lands, tenements, or hereditaments can not be divided, without loss or injury to the parties interested, the court may decree a sale thereof and a division of the money arising from such .sale among the parties, according to their respective rights; \* \* \*.'

"It is clear this provision recognizes two distinct remedies: partition in kind and partition through sale and division of the proceeds. But it is equally clear a person entitled to either remedy must be a tenant in common of the property, a joint tenant, or a coparcener. Appellant does not claim to be a joint tenant, and of course it is not a coparcener. Its right to relief thus depends upon whether it and the stall holders are tenants in common of the lot and market building."

A situation somewhat reverse to the problem presented in this case arose in Rambo v. U. S., (5 Cir., 1944) 145 F.2d 670, cert. den. 324 U.S. 848, 65 S.Ct. 685, 89 L.Ed. 1408. The statute there involved was the predecessor of 28 U.S.C.A. § 1347 wherein the sovereign immunity was removed in cases involving joint tenants. Rambo failed to prove that he was

---

8. Title 28, Section 1347, United States Code, provides as follows:
   "Partition action where United States is joint tenant. The district courts shall have original jurisdiction of any civil action commenced by any tenant in common or joint tenant for the partition of lands where the United States is one of the tenants in common or joint tenants."

a joint tenant and the court held he could not maintain his action.

"This proceeding is in that court which looks to the substance rather than the form. The plaintiffs, having neither the possession of, nor the admitted legal title to any interest in, the lands, denominate their proceeding as one in partition and thereby seek to invoke the jurisdiction of this Court under Sec. 41, supra. Regardless, however, of what plaintiffs may call their action, it is one primarily to contest with the United States its title to, and its exclusive possession of, the lands involved. It is a suit to try title with partition as an incident, to be decreed only if and when the plaintiffs succeed in establishing in them a title superior to that of the United States.

\*     \*     \*     \*     \*     \*

"State statutes of partition are ineffectual to confer jurisdiction on the Federal Courts or to diminish the immunity of the Federal Government against suits, and in the absence of a Federal statute to the contrary the scope of a partition suit in the Federal Court is *no broader than that of the High Court of Chancery of England wherein the Court in partition never dealt with questions of controverted title.* Gay v. Parpart, 106 U.S. 679, text 689, 1 S.Ct. 456, 27 L.Ed. 256." (145 F.2d 671).[9]

■■■ Apparently, there are no Federal appellate decisions involving the specific question to be decided in the instant case.[10] It is our conclusion that the United States as a lienholder [11] does not have the right under Sections 7402 or 7403, Internal Revenue Code of 1954, 26 U.S.

C.A. §§ 7402–7403, to force a sale of the property of the five other joint owners, the appellants, in a proceeding to enforce its lien against the taxpayer, Fred Folsom. The Government has the right, as provided by said sections " \*   \*   \* to subject any property, of whatever nature, *of the delinquent,* or in which he has any *right, title* or *interest,* to the payment of such tax or liability." [12] (emphasis supplied); and " \*   \*   \* in all cases where a claim for interest of the United States therein is established, may decree a sale of such property   \*   \*   \* ".[13] It is our opinion that Section 7403 relates to the individual property of the delinquent taxpayer or to *his interest* in any property. The Government has a right to pursue the property of the taxpayer with all the force and fury at its command and by proper procedure obtain the last vestige of title and every right which such taxpayer owns. The law does not authorize the Government, however, in its pursuit, to force a public sale of the property of other joint owners, deny them the right to seek a partition in kind, and to tax them with the costs incurred by the Government in pursuing the delinquent taxpayer. The Government is not a joint owner or tenant in common and does not have the property rights incident to such a relationship. It may easily acquire such rights under the procedure authorized by the sections mentioned. When *and if it does by that method,* by conveyance, or whenever it obtains title to the property owned by Fred Folsom by whatever means, it may then exercise those property rights which such a joint owner or tenant in common may exercise.

Our holding does not reduce the force, effect or power of the United States to enforce its liens and collect its taxes.

---

9. It is quite clear that under the law of Alabama, a lienholder may not maintain a suit for partition in kind or a sale for division. Roy v. Abraham, supra; Hargett et al. v. Hovater, supra.

10. In its brief, the Government states: "We know of no Federal appellate decisions involving the particular point here in controversy."

11. Internal Revenue Code 1939, § 3670, 26 U.S.C.A. § 3670; Internal Revenue Code 1954, § 6321, 26 U.S.C.A. § 3321.

12. Section 7403(a).

13. Section 7403(c).

The remedies and the manner of their enforcement are controlled by Federal law. United States v. American National Bank of Jacksonville, supra. Here, the Government seeks more than is given by the statutes. If allowed to pursue the course authorized by the distinguished trial court, it will be exercising incidents of property ownership which it does not have because it is not a joint owner, which is to say, the Government does not own an undivided one-sixth interest in the property. As a lienholder, it does not have such interest as would authorize it to have the property partitioned in kind or sold for division. These are incidents of property ownership fixed by the property law of Alabama, which is in accord with the general rule. The Government cannot, as a lienholder and under the guise of "enforcement", project itself into a position of a property owner entitled to the incidents of property ownership as fixed by the property laws of the state involved. As pointed out by Chief Justice Warren in Aquilino v. United States (1960), 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed. 1365:

> "The threshold question in this case, as in all cases where the Federal Government asserts its tax lien, is whether and to what extent the taxpayer had 'property' or 'rights to property' to which the tax lien could attach. In answering that question, both federal and state courts must look to state law, for it has long been the rule that 'in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property * * * sought to be reached by the statute.'"

The Federal Lien Statute " 'creates no property rights but merely attaches consequences, federally defined, to rights created under state law * * * '".

Our disagreement with the conclusions reached by the trial court does not arise out of any procedural restrictions placed on lienholders by Alabama law; or any limitations set up by the laws of Alabama as to jurisdictional requirements, or other procedural steps necessary to be taken by joint owners of property in Alabama court proceedings. We must and we have given full effect to the Federal lien statutes and the Federal statutes authorizing action to enforce such liens and to subject the property of the taxpayer to the payment of the tax. Applying " * * * the rules of property and fixing the incidents of property ownership * * *."[14] according to the rules of the state in which the property is located (Alabama in this case), we hold that the Government as a lienholder, under the facts of this case, does not own or possess the incidents of property ownership which will support the action taken by the trial court. United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed. 2d 1135 (1958); United States v. Brosnan, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed. 2d 1192 (1960); Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 626, 60 S.Ct. 424, 84 L.Ed. 585, 1035 (1940); Stuart v. Willis, 9 Cir., 1957, 244 F.2d 925; Fidelity & Deposit Co. of Maryland v. New York City Housing Authority, 2 Cir., 1957, 241 F.2d 142; Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620; United States v. Brandenburg, D.C.S.D. Cal.1952, 106 F.Supp. 82; Am.Jur., Cotenancy, Vol. 14, Secs. 16, 17, 22; 2 Tiffany, Real Property § 475 (3rd Ed.); 9 Mertens, Law of Federal Income Taxation, § 54.53.

The judgment of the trial court is reversed and the cause is remanded for appropriate proceedings not inconsistent with this opinion.

Reversed and remanded.

14. Aquilino v. United States; and United States v. American National Bank of Jacksonville, supra.