**UNITED STATES** of America, Plaintiff-Appellee,

v.

Harold **TRILLING**, The Cosmopolitan National Bank of Chicago, Beatrice Wyman, Jeannette Jaffe, Defendants,

and

Sara Trilling, Individually and as Executrix of the Estate of Gertrude Abramovitz, Defendant-Appellant.

No. 14306.

United States Court of Appeals Seventh Circuit.

March 3, 1964.

700

Estate of Gertrude Abramovitz, prosecutes this appeal from a judgment order of the District Court foreclosing a federal tax lien asserted by the United. States in connection with income tax. owed by appellant's husband, Harold Trilling, and authorizing the sale of certain real estate in which the taxpayer is adjudicated to have an undivided one-half interest, and the payment of one-half the proceeds, after payment of fees. and expenses, to the United States to the extent of the lien.

The record discloses that the real estate in question, an industrial property referred to as 3541–61 South Normal Avenue, Chicago, Illinois, was acquired by Harold and Sara Trilling in December, 1946. Title was taken in joint tenancy. An assessment of back taxes for the years 1942–47 in the amount of $107,375.11, including penalties of $16,-777.44, was made against taxpayer Harold Trilling on May 21, 1954. On that date, pursuant to the provisions of 26 U.S.C.A. §§ 6321 and 6322, a lien attached against Harold Trilling's property and rights to property. In December, 1954, the Trillings conveyed their respective interests in the Normal Avenue property into an Illinois land trust, each retaining a 50% beneficial interest therein. In August, 1955, the taxpayer conveyed his interest in the land trust to appellant's mother, Gertrude Abramovitz, who died leaving a will bequeathing such interest to appellant.

The Government instituted suit in the District Court on May 20, 1960, seeking to reduce its assessment to judgment. and asking for a decree allowing it to foreclose its lien against defendant. Harold Trilling's interest in the Normal Avenue property.[1] A judgment against. defendant Harold Trilling on the asserted tax liability ($163,212.17), and declaring the Government's lien to be valid.

Ben Copple, Robert Jay Nye, Chicago, Ill., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Tax Division, Robert J. Golten, Atty., Dept. of Justice, Washington, D. C., John P. Lulinski, Asst. U. S. Atty., Chicago, Ill., Frank E. McDonald, U. S. Atty., Lee A. Jackson and Joseph Kovner, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HASTINGS, Chief Judge, DUFFY and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

The defendant-appellant, Sara Trilling, individually, and as Executrix of the

---

1. Defendant Harold Trilling neither admitted nor denied the allegations of the Government's complaint concerning his interest as a joint tenant with his wife in the property but claimed no independent knowledge as to his ownership of an in-terest in the real estate. The Cosmopolitan National Bank, Beatrice Wyman, and Jeannette Jaffe, also named as. defendants, disclaimed interest in the subject matter of the suit.

and subsisting, was entered on the Government's motion for partial summary judgment. The cause proceeded to trial on the issues of the existence and extent of the taxpayer's interest in the property sought to be subjected to the lien. The District Court, after making and entering findings of fact and conclusions of law, entered the judgment order from which appellant has appealed.

The main contested issues on appeal are:

(1) Is there substantial evidence to support the District Court's finding and conclusion that the taxpayer owned an undivided one-half beneficial interest in the Normal Avenue property or does the record require the conclusion that he held his share of the joint tenancy in a resulting trust for his wife, the appellant?

(2) Whether the enforcement of the lien is barred by a five year statutory limitation period in so far as it includes penalties and interest on penalties.

(3) Whether enforcement of the lien against the appellant is precluded because of failure to file notice thereof.

(4) Whether the court erred in authorizing a sale of the property rather than the taxpayer's interest therein, and in subjecting appellant's interest to an equal share of the expenses of the sale.

Appellant contends that the record requires a conclusion that the taxpayer held his share of the joint tenancy in a resulting trust for her, that she is the owner of the entire beneficial interest in the property, and that the taxpayer was possessed of no beneficial interest to which the lien attached. In this connection the record does disclose testimony of the taxpayer that he did not use any

of his money in the purchase of the property.[2] And the appellant testified that she furnished the purchase price without contribution from her husband. But this testimony was not corroborated in any manner and was subject to appraisal and evaluation by the District Court in the light of the circumstances reflected by the record and reasonable inferences which may be drawn from what the record does reveal as to other pertinent factors including the relative status of each of the Trillings from the standpoint of earnings and income. Our examination of the record convinces us that when so viewed the weight to be accorded the uncorroborated testimony of the Trillings was solely for resolution of the District Court on the basis of credibility. And, the court's factual findings constitute an implicit rejection of their testimony as to who supplied the money used to make the purchase.

Moreover, the law of Illinois governs the determination of whether taxpayer owns a beneficial interest in the property (Aquilino v. United States, 363 U.S. 509, 512–514, 80 S.Ct. 1277, 4 L.Ed.2d 1365; United States v. Bess, 357 U.S. 51, 55, 78 S.Ct. 1054, 2 L.Ed.2d 1135) and in Nickoloff v. Nickoloff, 384 Ill. 377, p. 383, 51 N.E.2d 565, p. 568, the governing principle is stated as follows:

"The rule is also settled that when property is taken in the joint names of husband and wife, even where the consideration is all furnished by one of them, there is a presumption of a gift from the one furnishing the consideration. Clear and convincing evidence is required to overcome this presumption and establish a resulting trust. [Citations.]"

Expression and application of this principle is found in Spina v. Spina, 372 Ill. 50, 56–57, 22 N.E.2d 687, 690; Walker v. Walker, 369 Ill. 627, 631, 17 N.E.2d

---

2. The purchase price for the Normal Avenue property was $50,000. $25,000 was paid at the time of purchase and the remainder secured by a mortgage. Testimony indicates the down payment money came mostly from the proceeds of a sale in 1946 of property at 43rd Street and Stewart Avenue in Chicago, and that the purchase money mortgage was discharged out of the proceeds of a 1947 sale of other property at 44th and LaSalle St., Chicago.

567, 569; and in Kartun v. Kartun, 347 Ill. 510, 518, 180 N.E. 423, 426, which admonishes that "[t]he presumption of gift is not to be frittered away by mere refinement."

Measured by the controlling principle established by the pertinent Illinois decisions the record in the instant case does not furnish the clear and convincing evidence requisite to overcome the presumption of a gift and establish a resulting trust. Appellant was unable to state with any certainty whether other real properties she stated were sold to provide the original purchase payment (and later to pay off the mortgage) on the Normal Avenue property were solely owned by her or were in joint tenancy with her husband; the reason advanced as to why the title was taken jointly was so that taxpayer could "manage" the property although it is admitted he managed other property without holding title jointly; and appellant testified on deposition that a right of survivorship was intended[3] in connection with the Normal Avenue property. We conclude that the record substantially supports the District Court's finding and conclusion that taxpayer owns an undivided one-half interest in the property.

■ The government filed its suit one day before the expiration of six years from the date of the assessment. The suit was filed within the period prescribed by 26 U.S.C.A. § 6502(a) (1)— within six years after the assessment. And, as penalties are considered part of the tax (26 U.S.C.A. § 6659(a))[4] the action, in so far as the collection and enforcement of penalties and interest on penalties are concerned, was not barred by limitation. Appellant's reliance on 28 U.S.C.A. § 2462, a general provision establishing a five year limitation with respect to actions for the enforcement of civil penalties "[e]xcept as otherwise provided by Act of Congress", is mis-

placed. We find it unnecessary to consider the respective contentions of the Government and the appellant with respect to the standing of the appellant to assert a statute of limitations defense and as to whether her failure to affirmatively plead such defense in the District Court precludes her from urging it on appeal.

■ We perceive no merit in appellant's contention with respect to the application of the notice requirements of Section 3672 of the 1939 Internal Revenue Code and Section 6323 of the 1954 Code.[5] Appellant's interest is not that of a mortgagee, pledgee, purchaser or judgment creditor. We have considered, but reject as unpersuasive, the argument she presents based on the taxpayer's transfer of his interest in the land trust to appellant's mother. It is but a reassertion of the resulting trust theory.

■■ Appellant's final contention is that 26 U.S.C.A. § 7403 does not empower the District Court to order a sale of the entire property, including appellant's admitted joint tenancy interest, or to charge appellant's interest with any of the fees, costs or expenses incident to the sale. The Government's complaint contained a prayer that the Normal Avenue real estate be sold and one-half of the proceeds be applied in satisfaction of the lien. From the record it appears appellant raised no question as to the scope of the relief sought either by any responsive pleading, during the course of the trial, or by post-judgment motion; and there is no evidence which suggests any impropriety in the sale of the entire property. Apart from the question as to whether appellant's belated protest should be entertained on appeal (Cf. Duignan v. United States, 274 U.S. 195, 199–200, 47 S.Ct. 566, 71 L.Ed. 996) we are of the opinion that appellant's position is without merit. We recognize that Folsom v. United States, 5 Cir., 306 F.2d 361, relied upon

---

3. Cf. Spina v. Spina, 372 Ill. 50, 58, 22 N.E.2d 687.

4. No showing is made that the penalties involved are of the class excluded by § 6659(b) from the scope of § 6659(a).

5. 26 U.S.C.A. § 6323.

by appellant, expresses a contrary view. But in our judgment Folsom overlooks the fact that in § 7403 Congress has expressly authorized the district court to subject "any property" in which the delinquent taxpayer "has any right, title, or interest" to the payment of "such tax or liability"; has required that "all persons" claiming any interest "in the property involved" be made parties to the proceeding; and has empowered the court to order a sale "of such property" and direct distribution of the proceeds of such sale according to the "interests of the parties and of the United States". The express language of the statute negates any design or intent on the part of Congress to limit the reach of the statute to the "interest" of the taxpayer as distinguished from the "property" in which he has such "interest". This being so we are of the view that a proper recognition of the teachings of Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 and United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135, requires the conclusion that once the state law has been applied to ascertain the taxpayer's state-created property interests—to govern the determination of whether the taxpayer has "property" or an "interest in property" to which the lien attaches—we enter the province of federal law in subjecting the property involved to the discharge of the tax liability. As Mr. Chief Justice Warren had occasion to observe in Aquilino (363 U.S. 509 at 514, 80 S.Ct. 1277 at 1280–1281, 4 L.Ed.2d 1365): "This approach strikes a proper balance between the legitimate and traditional interest which the State has in creating and defining the property interest of its citizens, and the necessity for a uniform administration of the federal revenue statutes".

And, where as here, "consequences, federally defined" have been applied "to rights created under state law" (Cf. United States v. Bess, 357 U.S. 51, 55, 78 S.Ct. 1054, 1057, 2 L.Ed.2d 1135) we perceive no inequity or error in the court's assessment of the costs and expenses of the sale according to the respective interests of the parties in the property.

The judgment order of the District Court is affirmed.

Affirmed.